PEOPLE v WHITE

Docket No. 77615. Submitted March 7, 1985, at Lansing.—Decided August 6, 1985.

Raynal White was convicted of first-degree murder and felony-firearm, Oakland Circuit Court, James S. Thorburn, J. After the jury selection, and prior to opening statements, the trial judge gave preliminary instructions to the jury, which included a clear instruction on their responsibility not to discuss the case with one another or other persons until it was properly submitted to them. In addition, the court informed the jury that, if they had any questions, they should direct them to the judge in writing and not discuss them with the fellow jurors. Prior to closing arguments, ten questions were propounded to the court in writing by the jurors. Later, during deliberations, the jury requested that a tape of testimony of one witness be played back to them. The court was using a dual system of recording, a stenographic record and a tape recording, with the stenographic record being the official record. In response to the request, the court reporter, prosecutor and defense counsel listened to the tape of the requested testimony and recommended to the judge that the court reporter take the tape and the recording machine into the jury room and play the tape for the jury. The court agreed to this procedure. Defendant appealed. *Held:*

1. The propounding of questions by the jury to the court prior to closing argument and jury instructions, in the absence of evidence indicating that conversations occurred between jurors or that the defendant was otherwise prejudiced, does not evidence an impropriety concerning the jury requiring a new trial.

2. It is not grounds for reversal of a defendant's conviction

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Trial § 935.

Communications between court officials or attendants and jurors in criminal trial as ground for mistrial or reversal-post-Parker cases. 35 ALR4th 890.

[2-4] Am Jur 2d, Trial § 1041 *et seq.*

See the annotations in the ALR/4th Quick Index under topic Jury Trial.

[4] Am Jur 2d, Appeal and Error § 601 *et seq.*

for the court, in response to a request from the jury, to play a tape recording of the requested testimony in lieu of reading from an official transcript or from stenotype notes where the accuracy of the tape recording has been assured.

3. The defendant expressly waived objection to his not being present when the tape was played back to the jury. Therefore, he may not complain on appeal that he had a right to be present during the playback.

Affirmed.

1. TRIAL — CRIMINAL LAW — JURY.

The propounding of questions by the jury to the court prior to closing argument and jury instructions, in the absence of evidence indicating that conversations occurred between jurors or that the defendant was otherwise prejudiced, does not evidence an impropriety concerning the jury requiring a new trial.

2. TRIAL — EVIDENCE — REREADING EVIDENCE TO JURY.

Both the reading and extent of reading are matters that are within the sound discretion of the trial judge, where a jury requests the reading back of testimony.

3. TRIAL — EVIDENCE — REREADING TESTIMONY TO JURY — TAPE RECORDING.

It is not grounds for reversal of a defendant's conviction for the court, in response to a request from the jury, to play a tape recording of the requested testimony in lieu of the reading from an official transcript or from stenotype notes where the accuracy of the tape recording has been assured.

4. CRIMINAL LAW — RIGHT TO PRESENCE AT TRIAL — REREADING TESTIMONY TO JURY — WAIVER — APPEAL — PRESERVING QUESTION.

A defendant who expressly waives objection to his not being present when certain testimony is reviewed by the members of the jury at their request may not predicate error upon his absence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Hornstein,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: Allen, P.J., and Gribbs and T. Gilles-
pie,* JJ.

Per Curiam. The defendant was found guilty by
a jury of first-degree murder and possession of a
firearm during the commission of a felony. MCL
750.316; MSA 28.548; MCL 750.227(b); MSA
28.424(2). Defendant appeals and presents two
questions on appeal. We affirm.

The defendant claims that his constitutional
right to an impartial jury was violated when the
jury began their deliberations before final argu-
ments and before jury instructions. The defendant
cites *People v Hunter,* 370 Mich 262; 121 NW2d
442 (1963), in support of his position. In *Hunter,*
the Supreme Court held that it is reversible error
to instruct jurors that they can discuss the case as
testimony is coming in but that they are to refrain
from arriving at a verdict until after all the evi-
dence is in and the jury is instructed on the law.
The facts of this case are distinguishable from
*Hunter.* Here, after the jury selection, and prior to
opening statements of counsel, the trial judge gave
preliminary instructions to the jury, which in-
cluded a clear instruction on their responsibility
not to discuss the case with one another or other
persons until it was properly submitted to them.
In addition, the court informed the jury that, if
they had any questions, they must direct them to
the judge in writing and not discuss them with
their fellow jurors. The judge further informed the
jurors that answers would be given only to those
questions which the law allowed him to answer.
Prior to closing arguments and jury instructions,
ten questions were propounded to the court in
writing by the jurors. Defendant infers from the
asking of questions that the jury had already

* Circuit judge, sitting on the Court of Appeals by assignment.

begun its deliberations prior to closing arguments and final instructions. If that were a correct inference, the defendant's reliance on *Hunter* and other cases cited in defendant's brief would be well founded. However, there is no other basis on the record from which one can infer that the jury had actually begun its deliberations except the propounded questions. This Court has previously ruled that the asking of questions by the jury does not prove that jurors discussed the case among themselves, particularly where, as here, the trial court has specifically charged the jurors in its preliminary instructions on the proper procedure to ask questions during the trial and the jurors have, in fact, followed the judge's charge. No inference can be drawn from this record that the jury actually had begun its deliberations or had had any conversations regarding the facts of the case. There is nothing to suggest that the jury was doing anything except following the court's instruction. In the absence of evidence indicating that conversations actually occurred or that defendant was otherwise prejudiced, there is no error. *People v Scott,* 55 Mich App 739; 223 NW2d 330 (1974); *Clapham v Yanga,* 102 Mich App 47; 300 NW2d 727 (1980).

The second issue raised by defendant involves the jury's request during deliberations to hear the testimony of one of the witnesses during the trial. It appears from the record that the procedure in the trial court in this case and in other cases involves a dual system of recording testimony. The official record is a stenotype record and, in addition, the court reporter also electronically records on tape the testimony of witnesses. The court, prior to the jury deliberations, had informed the jury of the dual recording system so they were aware of the taped recording of all testimony.

During their deliberations, they specifically requested that the tape of one of the witnesses' testimony be played back to them. In response to the request, the court reporter, prosecutor and defense counsel listened to the tape of the requested testimony and recommended to the judge that the court reporter take the tape and the recording machine into the jury room and play the tape for the jury. The judge agreed to this procedure and, prior to implementing it, he instructed the jury as to the procedure and specifically instructed them that they were not to deliberate or discuss anything with each other during the playing of the tape, that they were not to have any communication whatsoever with the court reporter during the playing of the tape and, finally, that they were not to take any notes, but were merely to sit and listen to the tape from beginning to end.

The prosecutor and defense counsel agreed to the procedure on the record and defense counsel indicated that he had discussed the procedure with the defendant and that the defendant was in agreement with the procedure. The procedure as outlined was carried out and, after the tape was played, the court reporter informed the court that the court's instructions had been followed.

The jury then resumed their deliberations and later returned their guilty verdict. The question that defendant raises is whether the procedure for the playing of the tape to the jury in absence of the trial judge, defense counsel, prosecutor and the defendant deprived the defendant of his constitutional right to due process and a fair trial as well as his constitutional right to assistance of counsel and to be present at all stages of the proceedings against him.

An analysis of this question should start with the rule of *People v Howe,* 392 Mich 670; 221

NW2d 350 (1974), wherein the Supreme Court held that, when a jury requests the reading back of testimony, both the reading and extent of reading are matters that are within the sound discretion of the trial judge. The defendant argues that introduction into the case of anything that is not part of the official record of the case is error. There is no question from the facts of the case that the stenotype record is the official record of the case and that the recording system was a backup system to assist the court reporter in assuring the accuracy of the stenotype record. However, defendant argues that only the stenotype record should be used and that the introduction of the tape replay is per se prejudicial procedure. Defendant further argues that, because of the procedure invoked by the court which allowed only the court reporter to be in the jury room during the playing of the tape, the defendant cannot show prejudice, that, in fact, there is no record of that portion of the trial and that prejudice should be presumed.

The question of the use of the electronic tape recording in lieu of the court reporter's stenotype transcript of the reading of the court reporter's stenotype notes must first be reviewed. It should be noted that precautions were taken to assure the tape's accuracy and defendant does not claim in any way that the tape was inaccurate. It was reviewed by his attorney, the prosecutor and the court reporter and all agreed to its accuracy in terms of recreating the testimony of the witness which was sought by the jury. This question has not been specifically before the Court. However, in *People v Cavanaugh,* 127 Mich App 632; 339 NW2d 509 (1983), the Court ruled that it was not error for a trial court to send tape recorded jury instructions into the jury room during deliberations. The Court has also ruled in *People v Harris,*

133 Mich App 646; 350 NW2d 305 (1984), that it is not an abuse of discretion for a trial court to deny a jury's request to rehear tapes of testimony. However, it should be pointed out that nowhere in that case is there a suggestion that tapes could not have been played if the judge had exercised his discretion in that direction. Under circumstances where the accuracy of the tape recording has been assured, it is not grounds for reversal to play a tape recording of testimony to the jury in lieu of the official transcript or the reading of the testimony from the stenotype notes of the court reporter.

The constitutional question raised by the defendant, namely, that the tapes were played outside the presence of the judge, defendant and counsel and that the defendant was therefore deprived of his constitutional right to be present at every stage of the trial, is a more difficult question. It is well established that a criminal defendant has the right to be present at all stages of the trial where his substantial rights may be effected. *People v Medcoff,* 344 Mich 108; 73 NW2d 537 (1955). *Medcoff* cites with approval the rule of *People v Carey,* 125 Mich 535; 84 NW 1087 (1901). In *Carey,* the jury requested the rereading of testimony during their deliberations and at a time when the defendant was not present. Defense counsel agreed to the rereading of the testimony and did not request the presence of the defendant. The testimony was reread in the absence of the defendant and the Supreme Court found no error. The Supreme Court has also previously held that a defendant need not be present when the jury, during its deliberations, returns and requests a reiteration of instructions or asks whether certain testimony had been stricken or not. *People v LaMunion,* 64 Mich 709; 31 NW 593 (1887); *People v Jaskulski,* 236

Mich 237; 210 NW 234 (1926); *People v Thomas,* 46 Mich App 312; 208 NW2d 51 (1973).

It should also be noted that defendant and his counsel affirmatively waived objection on the record and cannot therefore complain.

In light of the above analysis, no prejudice to the defendant is perceived in the procedure invoked by the court in this case in the use of the tapes or the procedure of their replay justifying reversal. However, we strongly feel that any procedure which allows contact with the jurors out of the presence of the court, counsel and the defendant should be discouraged. We also repeat our caution in *People v Cavanaugh, supra,* that the use of tape recordings of testimony or instructions should not be used until this procedure is specifically addressed by the Supreme Court.

Affirmed.