PEOPLE v SULLIVAN

Docket No. 95235. Submitted May 6, 1987, at Marquette. Decided
    March 8, 1988.

    Earl L. Sullivan, an inmate of Marquette Prison, was convicted
    by a jury of assaulting an employee of a place of confinement,
    Marquette Circuit Court, Edward A. Quinnell, J. At the conclu-
    sion of a bench trial, defendant was convicted of being an
    habitual offender, third offense. Defendant appealed, claiming
    that the absence of a written waiver of his right to a jury trial
    in the record of the habitual offender proceedings requires
    reversal of the habitual offender conviction, and that the trial
    court abused its discretion in allowing tape recordings of cer-
    tain witnesses' testimony to be played back in response to the
    jury's request to review the witnesses' testimony in the assault
    proceedings.

    The Court of Appeals *held:*

    1. MCL 763.3; MSA 28.856 requires that a waiver of the right
    to a jury trial be made in writing, signed by the defendant,
    made in open court, and made part of the record. Although the
    defendant in this case knowingly, understandingly and volunta-
    rily waived his right to a jury trial orally in open court prior to
    trial on the habitual offender charge, the lack of a written
    waiver requires reversal of the habitual offender conviction.

    2. The trial court did not abuse its discretion in granting the
    jury's request to rehear testimony.

    Reversed as to the habitual offender conviction; affirmed as to
    the assault conviction.

1. CRIMINAL LAW — JURY TRIAL — WAIVER.

    A waiver of the right to a trial by jury must be made in writing,

REFERENCES

Am Jur 2d, Criminal Law §§ 898-900; Trial §§ 1041-1044.
Right of accused, in state criminal trial, to insist, over prosecutor's
    or court's objection, on trial by court without jury. 37 ALR4th
    303.
Waiver, after not guilty plea, of jury trial in felony case. 9 ALR4th
    695.
Sufficiency of waiver of full jury. 93 ALR2d 410.
See also the annotations in the Index to Annotations under Instruc-
    tions to Jury; Jury and Jury Trial.

signed by the defendant, made in open court, and made part of the record; on appeal, the conviction of a defendant will be reversed where the record does not contain a written waiver by the defendant of his right to a jury trial (MCL 763.3; MSA 28.856).

2. TRIAL — EVIDENCE — REREADING OF TESTIMONY TO JURY.

Both the reading and the extent of reading are matters within the sound discretion of a trial judge when a jury requests the reading back of testimony; a trial judge does not abdicate his discretion in responding to a jury's request to review testimony by offering the jury a choice between having the court reporter read back his notes or having audio tapes of the testimony played back where the accuracy of such tapes is not disputed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Karyn A. Kirkpatrick,* Assistant Prosecuting Attorney, for the people.

*Murphy & Clark* (by *Thomas H. Clark*), for defendant.

Before: J. H. GILLIS, P.J., and J. B. SULLIVAN and M. J. TALBOT,* JJ.

M. J. TALBOT, J. Following a jury trial, defendant was convicted of assault of an employee of a place of confinement, MCL 750.197c; MSA 28.394(3). A bench trial followed and defendant was convicted of being an habitual offender, third felony conviction, MCL 769.11; MSA 28.1083. Defendant was sentenced to two to four years imprisonment. The trial court immediately vacated that sentence and sentenced defendant to a term of two to eight years on the habitual offender charge. That sentence was to be served consecutively with the life sentence defendant was serving. Defendant appeals as of right. We affirm in part and reverse in part.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

While confined in Marquette Prison, defendant was in close proximity to an altercation between several guards and three inmates. Defendant reached through his cell bars and struck and injured a guard with an electric razor case.

During deliberations on the principal charge, the jury requested a copy of the guards' testimony. The trial court indicated that, in lieu of a printed copy of the testimony, stenographic notes and audio tapes were available. The jury chose to hear the tapes in open court and, after further deliberation, returned a guilty verdict.

Following the jury verdict on the principal charge, defendant requested a new jury for the trial on the supplemental information. The trial court denied that request and defendant requested a bench trial. Defendant stated in open court that he understood his right to a jury trial on the habitual offender charge and waived that right. No written waiver was executed.

Defendant initially argues that because no written waiver was executed, his conviction on the habitual offender charge must be reversed. The prosecutor admits error. We reluctantly agree. The law as it now stands is quite clear. The requirements for a defendant's valid waiver of his right to a jury trial are provided by statute:

> (1) In all criminal cases arising in the courts of this state, the defendant shall have the right to waive a determination of the facts by a jury and may, if he or she elects, be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: "I, _____, defendant in the above case, hereby voluntarily

waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury."

_____
Signature of defendant.

(2) Except in cases of minor offenses, the waiver of trial by jury shall be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. [MCL 763.3; MSA 28.856.]

The Supreme Court has discussed these statutory requirements and instructed lower courts on the proper procedure:

[I]n order to assure compliance with the statute, we will require that the record of a trial show that the trial court has made a finding of fact on the record based upon information conveyed to the judge in open court by the defendant, or in his presence, that the defendant has personally, voluntarily, and understandingly given up his right to trial by jury; that the defendant has personally signed the waiver of trial by jury form prescribed by the statute; that the waiver of trial by jury form has been filed in the case; and that all of the foregoing occurred after the defendant was arraigned on the information and had an opportunity to consult with counsel.

\* \* \*

The essence of our holding is that the trial judge must, however, find on the record, from evidence sufficient to warrant such finding, that the defendant, in open court, voluntarily and understandingly gave up his right to trial by jury. The statute does not require more and will not permit less. [*People v Pasley,* 419 Mich 297, 302-303; 353 NW2d 440 (1984).]

Moreover, in *People v Leggions,* 149 Mich App

612, 619; 386 NW2d 614 (1986), lv den 426 Mich 863 (1986), this Court stated:

> Defendant may waive his right to trial by jury, but the waiver must be in writing, signed by the defendant, filed and made a part of the record of the case. MCL 763.3; MSA 28.856. Because this statute is in derogation of the common law, it must be strictly construed. *People v Quick,* 114 Mich App 532, 535; 319 NW2d 362 (1982), lv den 417 Mich 936 (1983), and cases cited therein. The right to a jury trial cannot be waived by defense counsel. *Id.,* p 536. Since defendant did not waive his right to a jury trial on the habitual offender charge in writing, reversal is required. *People v Ash,* 128 Mich App 265, 269; 340 NW2d 646 (1983).

This Court notes that defendant moved for the trial court to allow him to proceed in propria persona throughout the trial. Although defendant was "assisted" by counsel, he did, in fact, conduct a substantial portion of his defense at the trial on the underlying charge. Defendant did not, however, conduct any portion of his defense on the habitual offender charge. If he had, we might very well have reached a different result.

We also note that the trial court, prosecutor, and defendant's "assistant" were fully cognizant of the fact that no written waiver had been executed and made a part of the record. Error could have been avoided by having defendant properly execute a written waiver at that time.

Under stare decisis, this Court is bound by a decision of the majority of justices of our Supreme Court. *People v Mitchell,* 428 Mich 364; 408 NW2d 798 (1987). Thus, although defendant knowingly, understandingly and voluntarily waived his right to a jury trial orally in open court, the lack of a written waiver requires reversal under *Pasley.*

Although bound to follow precedent, this Court may, however, express its displeasure at the result it must reach. We find it noteworthy that the habitual offender statute is found in that chapter of the Code of Criminal Procedure relating to judgment and sentence. The habitual criminal act was enacted to provide punishment for repeated commissions of felonies. *In re Southard,* 298 Mich 75; 298 NW 457 (1941). It sought to effect increased punishment for repeated violations of criminal statutes and the gist of its purpose was punishment for the recidivist. *In re Jerry,* 294 Mich 689; 293 NW 909 (1940). Moving from its original purpose, it is now, however, given the status of a separate proceeding essentially independent of the hearing on the principal charge. *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). See MCL 769.13; MSA 28.1085.

We note with respect that our appellate courts closely scrutinize the statutory waiver requirements and require strict compliance therewith, because absent a statute, a defendant has no right to waive a jury trial. See, e.g., *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976); *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974). While we recognize the state's interest in protecting its citizens, we believe that such interest can be better served through a defendant's verbal acknowledgment in open court that he fully understands his rights and that he knowingly and voluntarily relinquishes those rights.

The trend has already moved from requiring a defendant to execute the written waiver in open court, see, e.g., *People v Rowe,* 115 Mich App 334; 320 NW2d 367 (1982); *People v Corbin,* 109 Mich App 120; 310 NW2d 917 (1981); *People v Blackmon,* 95 Mich App 462; 291 NW2d 82 (1980), to an acknowledgment in open court that a waiver was

signed. See, e.g., *Pasley, supra; People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980). The *Pasley* Court stated that the waiver statute impliedly requires

> that the defendant either orally acknowledge in open court that he is voluntarily and understandingly giving up his right to trial by jury, *consistent with the previously signed written jury waiver form or, at a minimum,* that he personally, voluntarily and understandingly sign, in open court, the written waiver form prescribed by statute. [419 Mich 303. Emphasis supplied.]

The Court went on to hold that

> [t]he essence of [the] holding is that the trial judge must, however, find on the record, from evidence sufficient to warrant such finding, that the defendant, in open court, voluntarily and understandingly gave up his right to trial by jury. [*Id.*]

It is clear from a careful reading of *Pasley* that, although the Court requires a written waiver in compliance with the statute, it places greater emphasis on the defendant's oral acknowledgment in open court of his waiver of a trial by jury. Even without a written waiver, a defendant's proper verbal waiver should satisfy the substance of the statute and the "sufficient evidence" requirement of *Pasley.* Otherwise, it becomes truly a matter of form over substance.

This Court looks with approbation on proposed MCR 6.402:

> (A) Time of Waiver. The court may not accept a waiver of trial by jury until the defendant has had or waived an arraignment on the information (MCR 6.109) and until the defendant has had an opportunity to consult with a lawyer.

(B) Waiver Requirements. Before accepting a waiver, the court shall advise the defendant in open court of his constitutional right to trial by jury. The court shall also ascertain, by addressing the defendant personally, that the defendant understands this right, that he voluntarily has chosen to relinquish it, and that he prefers to be tried by the court. The court shall assure that a verbatim record is made of the entire proceeding.

An excellent commentary on the proposed rule is provided by Reporter Joseph D. Grano, particularly with regard to subrule B:

This subrule is intended to change and clarify the requirements for a valid waiver of trial by jury. MCL 763.3(1); MSA 28.856(1) requires a written waiver that indicates both that the defendant understands his right to a jury trial and that he has elected to relinquish this right and to be tried by the court. Another section of the statute, however, requires the defendant to make his waiver in open court. MCL 763.3(2); MSA 28.856(2). . . . Subrule B adheres to the essence of *Pasley* by providing a procedure to assure that the defendant has made a voluntary and knowing waiver, but it abolishes the requirement that the waiver be in writing.

Various procedures can be used to assure a valid waiver. The federal rule, like the Michigan statute, requires the waiver to be in writing. FR Crim P 23(a). Other rules do not require a written waiver but require that the defendant make a knowing and intelligent waiver in open court. See Uniform Rules of Criminal Procedure, Rule 511(a). Employing still another approach, the ABA Standards for Criminal Justice (2d ed) require the judge to advise the defendant of the right to trial by jury, but once such advice is given, the defendant's waiver may be made "either in writing or in open court for the record." ABA Standards for Criminal Justice (2d ed), Trial by Jury, § 15-1.2(b).

A written waiver may provide strong evidence that the defendant acted knowingly and voluntarily. Nevertheless, a signature on a waiver form is not always conclusive proof that the individual has read and understood the contents of the form. Concern about this perhaps explains why a number of Michigan cases before *Pasley* interpreted the statutory "open court" language strictly. This concern also is evident in *Pasley:*

"The essence of our holding is that the trial judge must . . . find on the record, from evidence sufficient to warrant such finding, that the defendant, in open court, voluntarily and understandingly gave up his right to trial by jury." [419 Mich at 303.]

Because this concern is valid, subrule (B) goes further than *Pasley* by requiring the trial court to advise the defendant in open court of his right to jury trial and by requiring the court to address the defendant personally to ascertain that his waiver is voluntarily and knowingly made. These requirements should assure the validity of any waiver; moreover, they are consistent with the requirements imposed on plea taking. See MCR 6.302(B). In addition, the procedure of open court waiver should not be burdensome. See ABA Standards for Criminal Justice (2d ed), *supra,* Commentary at 15.24.

Given the strict requirement of a knowing oral waiver in open court, no reason exists to require a written waiver. [422A Mich 128-129.]

This Court notes that, under proposed MCR 6.302, a written waiver of rights would not be required when a defendant pleads guilty. The Commentary to proposed MCR 6.402 recognizes the anomaly:

Certainly if an oral waiver in open court suffices when a defendant pleads guilty, thereby waiving not only trial by jury but all of his trial rights, it

should suffice when the defendant waives only his right to jury trial. [*Id.,* 129.]

Recognizing the need to protect the rights of the defendant, proposed MCR 6.402(B) also requires the court to assure that a verbatim record is kept of the waiver proceedings. This Court heartily concurs with the reasoning of the reporter's commentary and with the change in the law to be effected by adoption of the proposed rule. We believe expeditious consideration and adoption of proposed MCR 6.402 will protect a defendant's rights as the waiver requirement of MCL 763.3; MSA 28.856 was meant to do and will prevent the result in this case, which merely exalts form over substance, from recurring.

Defendant next argues that his conviction for assault should be reversed because the trial court abused its discretion when it allowed tape recordings of witnesses' testimony to be played in response to the jury's request to review certain testimony. Defendant contends that the trial court abused its discretion in granting the jury's request to rehear testimony in three respects: (1) by failing to determine the extent of testimony to be reheard; (2) by allowing the jury to select the form it preferred; and (3) by playing the tape recorded testimony. We disagree.

When a jury requests that testimony be read back to it, both the reading and the extent of the reading rest within the sound discretion of the trial judge. *People v Howe,* 392 Mich 670; 221 NW2d 350 (1974).

Upon the jury's request for a copy of the guards' testimony, the trial court pointed out that there were five guards who had testified. The court then asked the jury if they knew which of the guards'

testimony they wanted to hear. The jury responded with the names of three of the guards. The trial court acted properly by asking the jury to try to narrow down its request. *People v Terry Williams,* 134 Mich App 639; 351 NW2d 878 (1984), lv den 421 Mich 860 (1985).

Moreover, the court explained to the jury that no printed copy of the testimony was available, but that the court reporter could read back her notes, or audio tapes of the testimony could be played. The jury chose to hear the tapes. The trial court did not abdicate its discretion when it offered the jury a choice. *Terry Williams, supra.*

Finally, in *People v White,* 144 Mich App 698; 376 NW2d 184 (1985), this Court found no abuse of discretion when the trial court permitted the jury to listen to tape-recorded testimony in lieu of the reading of the testimony from the stenotypic notes of the court reporter. The *White* holding was a qualified one, however, because the accuracy of the tape recording had been assured. Here, defendant argues that the accuracy of the tapes was not assured beforehand; however, defendant does not claim that the tapes were inaccurate in any way. Moreover, defendant did not object at any time to the use of the tapes. Rather, defendant's sole objection below went to the subject of the testimony. Defendant had ample opportunity to seek a determination of the accuracy of the tapes before they were played for the jury. Defendant cannot harbor error as an appellate parachute. *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969). Consequently, the trial court did not abuse its discretion when it allowed the tapes to be played. *White, supra.*

Reversed as to the habitual offender conviction; affirmed as to the assault conviction.