CRAWFORD COUNTY v SECRETARY OF STATE

Docket No. 87543. Submitted August 11, 1986, at Lansing. Decided
    May 5, 1987.

Crawford County, Alcona County, Arenac County, Lake County
    and Oscoda County each applied to the Secretary of State for
    certification as self-insured entities under the no-fault act. The
    Secretary of State denied each application on the ground that
    each owned fewer than twenty-six vehicles. The counties
    brought an action in the Crawford Circuit Court for declaratory
    and injunctive relief, claiming that the twenty-six vehicle mini-
    mum requirement of the financial responsibility act was inap-
    plicable to qualification as a self-insured under the no-fault act.
    While the suit was pending the Legislature enacted 1982 PA
    138, which permitted municipalities to form a group self-insur-
    ance pool for purposes of the no-fault act and the FRA. Plaintiffs
    formed such a pool. Thereafter, they withdrew their request for
    injunctive relief since they were members of a self-insurance
    pool, but continued to seek declaratory relief. The court, Wil-
    liam A. Porter, J., granted summary judgment for plaintiffs,
    holding that an actual controversy existed, since plaintiffs faced
    possible criminal and civil sanctions if they failed to obtain
    security under the no-fault act, and that the no-fault act and
    the financial responsibility act could not be read in pari mate-
    ria. Defendant appealed.

The Court of Appeals held:

1. An actual controversy existed so as to give the court the
jurisdiction to grant declaratory relief.

2. The goal of the no-fault act was to provide victims of motor

REFERENCES

Am Jur 2d, Actions § 56.
Am Jur 2d, Automobile Insurance §§ 340 et seq.
Am Jur 2d, Courts § 81.
Am Jur 2d, Declaratory Judgment §§ 10, 11.
Am Jur 2d, Statutes §§ 145, 187 et seq.
Supreme Court's view as to what is "case or controversy" within
    the meaning of Article III of the Federal Constitution or an
    "actual controversy" within the meaning of the Declaratory
    Judgment Act (28 USCS § 2201). 40 L Ed 2d 783.
Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

vehicle accidents equitable and prompt reparation for certain economic losses through a system of compulsory insurance. The objective of the financial responsibility act was to assure compensation of automobile accident victims. Because of their common legislative objective, the two statutes should be read together. Therefore, an entity desiring to qualify as a self-insured entity under the no-fault act must meet the twenty-six vehicle minimum requirement of the financial responsibility act.

Reversed and remanded.

1. DECLARATORY JUDGMENTS — ACTUAL CONTROVERSY.

An "actual controversy," which is a condition precedent to invocation of declaratory relief under the general court rules, exists where a declaratory judgment is necessary to guide the plaintiff's future conduct in order to preserve his legal rights.

2. DECLARATORY JUDGMENTS — ACTUAL CONTROVERSY — ADVERSE INTEREST.

A court is not precluded by the "actual controversy" requirement of the court rule governing declaratory judgments from reaching issues before injuries or losses have occurred; however, the plaintiff must, at a minimum, allege and prove facts which show an adverse enough interest to show an actual, justiciable controversy.

3. ACTIONS — MOOTNESS.

An issue is moot when the occurrence of an event renders it impossible for the court to fashion a remedy.

4. STATUTES — IN PARI MATERIA.

Statutes in pari materia are those which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose.

5. STATUTES — JUDICIAL CONSTRUCTION — IN PARI MATERIA.

All statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times and contain no reference to one another.

6. STATUTES — JUDICIAL CONSTRUCTION — SAME SUBJECT.

Statutes which arguably cover the same subject matter and which potentially conflict must be construed to preserve the intent and meaning of each and, where possible, interpreted in such a way that neither denies the effectiveness of the other.

7. INSURANCE — NO-FAULT — FINANCIAL RESPONSIBILITY ACT — IN PARI MATERIA.

> The goal of the no-fault act was to provide victims of motor vehicle accidents equitable and prompt reparation for certain economic losses through a system of compulsory insurance; the objective of the financial responsibility act was to assure compensation of automobile accident victims; because of their common legislative objective, the two statutes should be read together (MCL 257.501 *et seq.*, 500.3101 *et seq.*; MSA 9.2201 *et seq.*, 24.13101 *et seq.*).

8. INSURANCE — NO-FAULT — FINANCIAL RESPONSIBILITY ACT.

> An entity desiring to qualify as a self-insured entity under the no-fault act must meet the twenty-six vehicle minimum requirement of the financial responsibility act (MCL 257.531, 500.3101[4]; MSA 9.2231, 24.13101[4]).

*Cummings, McClorey, Davis & Acho, P.C.* (by *Owen J. Cummings* and *Christopher J. Johnson*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr., Warren R. Snyder* and *Deborah K. Canja,* Assistant Attorneys General, for defendant.

Before: DANHOF, C.J., and SHEPHERD and D. L. HOBSON,* JJ.

D. L. HOBSON, J. The instant case arises from the defendant's refusal to certify the plaintiffs as self-insured entities under § 3101(4) of the no-fault insurance act, MCL 500.3101(4); MSA 24.13101(4). At various times during 1981, plaintiffs submitted separate applications for certification as self-insured entities under the no-fault act. The defendant denied each application on the ground that the individual plaintiffs owned fewer than twenty-six registered vehicles. The source of the mini-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

mum-vehicle requirement was § 531 of the financial responsibility act (FRA), MCL 257.531; MSA 9.2231. The director of the Compliance and Rules Division of the Michigan Department of State reviewed and affirmed the denial of plaintiffs' applications.

Plaintiffs filed suit in the Crawford Circuit Court seeking declaratory and injunctive relief. Plaintiffs claimed that the twenty-six vehicle minimum requirement was inapplicable to qualification as self-insured under the no-fault act. Plaintiffs further contended that defendant failed to promulgate rules for qualification as self-insured under the no-fault act. Plaintiffs subsequently moved for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). While plaintiffs' suit was pending in circuit court, the Legislature enacted 1982 PA 138, which permitted municipalities to form a group self-insurance pool for purposes of § 3101 of the no-fault act and § 531 of the FRA. MCL 124.5-124.12; MSA 5.4085(6.5)-5.4085(6.12). Plaintiffs formed such a pool. Thereafter, plaintiffs withdrew their request for injunctive relief since they were members of a self-insurance pool, but continued to seek declaratory relief. The trial judge subsequently denied plaintiffs' motion for summary judgment, finding that, in light of plaintiffs' self-insured status under the pooling agreement, they failed to establish the existence of an actual controversy. Following the denial of the plaintiffs' motion, defendant filed a motion for summary judgment contending that the case was moot, no genuine issue of fact existed, and plaintiffs failed to state a claim. Plaintiffs opposed the motion, arguing that declaratory relief was needed to guide their future conduct and to preserve their legal rights.

After considering supplemental briefs, the trial

court denied defendant's motion for summary judgment and granted plaintiffs' motion. The trial court first ruled that an actual controversy existed, since plaintiffs faced possible criminal and civil sanctions if they failed to obtain security under the no-fault act. The trial court also noted that the group self-insurance pool might disband, and the administrative expenses and operation of the group plan might be different from individual self-insurance. The circuit judge then examined the legislative history of the no-fault act and the FRA and concluded that the two acts could not be read in pari materia. The trial court held that the minimum vehicle requirement contained in § 531 of the FRA was not a condition precedent for qualification as a self-insured under the no-fault act and defendant could not impose such a requirement without first promulgating a rule to that effect pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(1) *et seq.* Defendant now appeals as of right from the trial court's order granting summary judgment in favor of plaintiffs. The trial court stayed its order granting plaintiffs' motion for summary judgment pending disposition of this appeal.

Defendant raises two issues on appeal. First, defendant argues that no actual controversy exists between the parties so as to give the circuit court jurisdiction to grant declaratory relief. We disagree.

Declaratory relief may be granted in cases of actual controversy despite the availability of other adequate remedies. GCR 1963, 521.1, now MCR 2.605(A). An actual controversy exists where declaratory relief is necessary to guide a plaintiff's future conduct in order to preserve his or her legal rights. *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978), cert den 442 US 934

(1979). What is essential to an actual controversy is that plaintiff plead and prove facts which indicate an adverse interest necessitating the sharpening of the issues raised. *Id.,* p 589. The plaintiffs in the instant case have standing to maintain an action for declaratory relief. Defendant denied plaintiffs' application for individual self-insurance based on noncompliance with the minimum vehicle requirement. Thus, plaintiffs' interests have already been affected by defendant's alleged misapplication of § 531 of the FRA.

We disagree with defendant's characterization of the issue as moot. An issue is moot when the occurrence of an event renders it impossible for the court to fashion a remedy. *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985). While the instant case was pending in the circuit court, 1982 PA 138 became effective law. This statute permitted governmental entities to enter into contracts to form a group self-insurance pool without satisfying the twenty-six vehicle minimum requirement of § 531 of the FRA. MCL 124.9; MSA 5.4085(6.9). Plaintiffs formed such a pool soon after initiating suit but prior to entry of judgment. However, the formation of the pool does not render the issue moot. A ruling on the applicability of § 531 will provide plaintiffs with necessary guidance in deciding how to insure themselves in the future. We find defendant's claim that the circuit court lacked jurisdiction to grant declaratory relief to be without merit.

Defendant next argues that the trial court erred in holding that the twenty-six vehicle minimum requirement of § 531 of the FRA was inapplicable to persons seeking certification as self-insured entities under § 3101(4) of the no-fault act. We are faced with a question of first impression in deter-

mining whether § 3101(4) of the no-fault act should be interpreted as imposing the twenty-six vehicle minimum requirement of § 531 of the FRA upon applicants seeking certification as self-insured entities under § 3101(4).

Section 3101 of the no-fault act provides in pertinent part:

> (1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.
>
> *  *  *
>
> (3) Security may be provided under a policy issued by an insurer duly authorized to transact business in this state which affords insurance for the payment of benefits described in subsection (1). A policy of insurance represented or sold as providing security shall be deemed to provide insurance for the payment of the benefits.
>
> (4) Security required by subsection (1) may be provided by any other method approved by the secretary of state as affording security equivalent to that afforded by a policy of insurance, if proof of the security is filed and continuously maintained with the secretary of state throughout the registration period. The person filing the security has all the obligations and rights of an insurer under this chapter. When the context permits, "insurer" as used in this chapter, includes any person filing the security as provided in this section. [MCL 500.3101(1); MSA 24.13101.]

Section 531 of the FRA provides:

> (a) Any person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance

issued by the secretary of state as provided in paragraph (b) of this section.

(b) The secretary of state may, in his discretion, upon the application of such a person, issue a certificate of self-insurance when he is satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such a person.

(c) Upon not less than 5 days' notice and a hearing pursuant to such notice, the secretary of state may upon reasonable grounds cancel a certificate of self-insurance. Failure to pay any judgment within 30 days after such judgment shall have become final shall constitute a reasonable ground for the cancellation of a certificate of self-insurance. [MCL 257.531; MSA 9.2231.]

As the primary and fundamental rule of statutory construction, it is the court's duty to ascertain and effectuate the legislative purpose and intent underlying the statute in question. *White v City of Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979). Statutes in pari materia are those which relate to the same subject matter or share a common purpose. *Palmer v State Land Office Bd,* 304 Mich 628, 636; 8 NW2d 664 (1943). Such statutes must be read together as constituting one law, even if they contain no reference to one another and were enacted on different dates. *Id.,* pp 636-637. When interpreting two statutes which arguably cover the same subject matter, they must be construed to preserve the intent of each and, if possible, interpreted in such a way that neither denies the effectiveness of the other. *Paquin v Northern Michigan University,* 79 Mich App 605, 607; 262 NW2d 672 (1977).

The goal of the no-fault act was to provide victims of motor vehicle accidents equitable and prompt reparation for certain economic losses through a system of compulsory insurance. *Shav-*

*ers, supra,* pp 578-579. Section 3101(1) of the no-fault act requires owners to "maintain security for payment of benefits" through various types of insurance coverage. Subparagraph (3) permits an owner of a motor vehicle to secure commercial insurance while subparagraph (4) allows an owner to provide security by "any other method approved by the Secretary of State." The alternative method must afford "security equivalent to that afforded by a policy of insurance."

On its face, § 3101 does not suggest that satisfaction of a minimum vehicle requirement is a condition precedent to approval of an alternative security method. When read together with § 531 of the FRA, however, such a result is mandated. Like the goal of the no-fault act, the objective of the FRA is to assure compensation of automobile accident victims. *Surtman v Secretary of State,* 309 Mich 270, 273-274; 15 NW2d 471 (1944). The two statutes should be read together because they have a common legislative objective.

The FRA secures payments of judgments rendered against owners or operators of motor vehicles. If a person fails to satisfy a judgment within thirty days, the secretary of state shall suspend the license and registration or a nonresident's operating privilege. MCL 257.511; MSA 9.2211, MCL 257.512; MSA 9.2212. No suspension will occur if the judgment debtor makes installment payments toward the judgment and provides proof of financial responsibility. MCL 257.515; MSA 9.2215. Proof of financial responsibility must be in the form of an insurance policy, bond, or certificate of deposit. MCL 257.517; MSA 9.2217. Section 531 permits any person who owns more than twenty-five vehicles to apply for a certificate of self-insurance provided certain conditions are met.

Subparagraph (c) of § 531 provides that the certificate of self-insurance may be revoked if a judgment is not paid within thirty days.

We conclude that a person seeking the status of self-insured under § 3101(4) of the no-fault act must comply with the requirements of § 531 of the FRA. Both § 531 of the FRA and § 3101(4) of the no-fault act are designed to assure compensation for victims of automobile accidents. As already stated, when construing statutes in pari materia, courts must give effect to each statute without diminishing the effect of the others. *Paquin, supra,* p 607. If the minimum vehicle requirement is not applied to persons seeking self-insurance under § 3101(4), the twenty-six vehicle minimum requirement in § 531 of the FRA will be circumvented. The twenty-six vehicle minimum requirement restricts the class of people who may acquire self-insurance in order to insure collectability. The FRA and the no-fault act share the same legislative goal of compensating automobile accident victims and, thus, should be read together as one law. We hold that the trial court erred in finding § 531 of the FRA inapplicable to persons seeking certification as self-insured entities under § 3101(4) of the no-fault act.

Reversed and remanded for entry of judgment in favor of defendant. No costs because a public question is involved.