KNUCKLES v GENERAL MOTORS CORPORATION

Docket No. 98749. Submitted December 9, 1987, at Grand Rapids. Decided August 9, 1988.

Plaintiff, John Knuckles, retired from employment with defendant, General Motors Corporation, Central Foundry Division, Saginaw Malleable Iron Plant, on March 27, 1971. Plaintiff received workers' disability compensation benefits under an open award entered December 2, 1971, for work-related injuries. Effective March 31, 1982, defendant reduced plaintiff's disability benefits by a setoff against other employer-financed pension and social security benefits received by plaintiff, pursuant to MCL 418.354; MSA 17.237(354). Plaintiff filed a petition with the Bureau of Workers' Disability Compensation, after defendant ceased paying plaintiff disability benefits as a result of the setoff, objecting to the application of § 354 to his case on the ground that his injury predated the effective date of § 354, March 31, 1982. A hearing referee ruled in plaintiff's favor. The Workers' Compensation Appeal Board affirmed the referee's decision. The Court of Appeals denied defendant's application for leave to appeal and the Michigan Supreme Court held defendant's application for leave to appeal in abeyance pending resolution of the same issue in *Chambers v General Motors Corp,* 422 Mich 636 (1985). After deciding *Chambers,* the Supreme Court reversed the WCAB and remanded to the WCAB for entry of a judgment consistent with *Chambers.* On remand, the WCAB ordered coordination of plaintiff's social security, pension and workers' compensation benefits. The Court of Appeals then denied plaintiff's application for leave to appeal and plaintiff sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 428 Mich 864 (1987).

The Court of Appeals, on remand, *held:*

1. The amount of benefits coordinated in a setoff against

REFERENCES

Am Jur 2d, Workers' Compensation §§ 357 *et seq.*
Application for, or receipt of, unemployment compensation benefits as affecting claim for workmen's compensation. 96 ALR2d 941.

workers' compensation benefits under § 354 is to be determined as of the date those benefits first become subject to the provisions of § 354, i.e., March 31, 1982, and not as of the initial date prior to such time that the employee became entitled to those benefits.

2. The statutory prohibitions against the reduction in workers' compensation benefits due to a larger setoff resulting from cost-of-living increases in social security or employer-financed pensions, § 354(1)(d) and (7), applies to increases after the initial coordination and subsequent reduction of benefits.

3. Coordinating benefits based on amounts currently received at the time § 354 becomes applicable to the particular employee is not unequal or discriminatory operation nor an application of § 354 that violates plaintiff's equal protection rights.

4. The case is remanded to the WCAB for entry of an order consistent with the Court of Appeals' decision.

Remanded.

1. WORKERS' COMPENSATION — COORDINATION OF BENEFITS.

The amount of social security or other employer-financed benefits coordinated in a setoff against workers' compensation benefits under MCL 418.354; MSA 17.237(354) is to be determined as of the date those benefits first become subject to the provisions of § 354 and not the initial date the employee becomes entitled to those benefits where the employee's entitlement to such benefits predates the effective date of § 354 (MCL 418.354; MSA 17.237[354]).

2. WORKERS' COMPENSATION — COORDINATION OF BENEFITS — COST-OF-LIVING INCREASES.

The statutory prohibition against the reduction of workers' compensation benefits due to a setoff against such benefits based on cost-of-living increases in social security or employer-financed pensions applies to cost-of-living increases after an initial setoff of social security and pension benefits against workers' compensation benefits (MCL 418.354; MSA 17.237[354]).

3. WORKERS' COMPENSATION — COORDINATION OF BENEFITS — EQUAL PROTECTION.

Coordinating workers' compensation, social security, and employer-financed pension benefits based on the amounts of such benefits currently received at the time that the benefits first become subject to the statute providing for such coordination and not as of the prior initial date on which the employee became entitled to such benefits is not unequal or discriminatory operation nor an application of the statute that violates

the employee's right to equal protection of the law (MCL 418.354; MSA 17.237[354]).

*Law Offices of Bernard M. Freid & Associates, P.C.* (by *Edward J. Gallagher, II*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for defendant.

Before: MAHER, P.J., and GRIBBS and L. F. SIMMONS,* JJ.

PER CURIAM. Plaintiff's appeal from a May 21, 1986, order of the Workers' Compensation Appeal Board is before this Court on remand from our Supreme Court for consideration as on leave granted. 428 Mich 864 (1987).

Plaintiff, an employee of the Central Foundry Division of General Motors Corporation at the Saginaw Malleable Iron Plant, retired on March 27, 1971. Plaintiff received workers' disability compensation benefits under an open award entered December 2, 1971, for work-related injuries. In April, 1982, plaintiff received a letter from defendant informing him that his compensation would be reduced by a setoff against other employer-financed pension and social security benefits, pursuant to MCL 418.354; MSA 17.237(354), effective March 31, 1982.

After GMC ceased paying plaintiff's disability benefits, as a result of the setoff plaintiff filed a petition with the Bureau of Workers' Disability Compensation objecting to the application of § 354 to his case on the ground that his injury predated the effective date of the statute. The hearing referee ruled in plaintiff's favor and ordered GMC to

* Circuit judge, sitting on the Court of Appeals by assignment.

recommence payment of seventy percent of the disability benefits to plaintiff pending further appeal.

The WCAB affirmed the referee's decision based on its own decision in *Chambers v General Motors Corp*, 1982 WCABO 751. *Knuckles v Saginaw Malleable Iron Plant, Central Foundry Division, General Motors Corp*, 1983 WCABO 607. However, the WCAB ordered defendant to resume paying one hundred percent of the weekly disability benefits to plaintiff.

This Court denied defendant's application for leave to appeal on November 21, 1983, Docket No. 73106, and defendant's application to our Supreme Court for leave to appeal was held in abeyance pending that Court's resolution of the same issue in *Chambers v General Motors Corp*, 422 Mich 636; 375 NW2d 715 (1985). After deciding *Chambers,* our Supreme Court reversed the WCAB and remanded this case to the WCAB for entry of judgment consistent with that decision. 424 Mich 884 (1986). On remand, the WCAB ordered coordination of plaintiff's social security, pension and workers' compensation benefits. Plaintiff unsuccessfully applied for leave to appeal that decision to this Court, order of November 3, 1986, Docket No. 93308, and once again applied to our Supreme Court for leave to appeal. In lieu of granting leave to appeal, our Supreme Court remanded plaintiff's case to this Court for consideration as on leave granted.

The first issue raised is whether the amount of benefits coordinated in a setoff against workers' compensation benefits under § 354 is to be determined as of the initial date the employee becomes entitled to those benefits or as of the date those benefits first become subject to the statute's provisions, i.e., March 31, 1982. Section 354 allows an

employer to reduce its liability for payment of workers' disability compensation benefits to an employee who is also receiving social security or any other employer-financed benefits:

> Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits other than specific loss benefits under section 361(2) and (3) shall be reduced by these amounts:
>
> (a) Fifty percent of the amount of the old-age insurance benefits received or being received under the social security act.
>
> *    *    *
>
> (d) The after-tax amount of the pension or retirement payments received or being received pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 are received, if the employee did not contribute directly to the pension or retirement plan or program. Subsequent increases in a pension or retirement program shall not affect the coordination of these benefits.
>
> *    *    *
>
> (7) A credit or reduction under this section shall not occur because of an increase granted by the social security administration as a cost of living adjustment.

At the time plaintiff retired, he was eligible for and received monthly pension and social security benefits over and above his disability compensation. Pursuant to the WCAB's order of May 21, 1986, defendant coordinated the benefit amount plaintiff was receiving at the time § 354 became effective, resulting in plaintiff's entitlement to no workers' disability compensation. Plaintiff argues that the § 354 setoff reductions should be applied to the initial benefit amount to which plaintiff became entitled at the time he retired in 1971.

The advantage to plaintiff in computing the setoff based upon initial benefits is obvious:

| Weekly Benefits | Initial Entitlement | March 31, 1982, Entitlement |
| --- | --- | --- |
| Workers' compensation benefits | $76.50 | $84.00 |
| Less: Social security (50%) | $21.90 | $59.19 |
| Less: Pension (after tax) | $25.42 | $47.96 |
| Section 354-reduced workers' compensation benefits | $29.20 | 0 |

Defendant points to the "received or being received" phrase found in § 354(d) to support its position and contends that the lack of express limitation to "initial" benefit amounts leads to the inference that the amount of benefit entitlement at the time coordination first becomes applicable is the correct figure for computing the setoff.

This Court agrees with defendant. Although the *Chambers* Court did not address this issue, calculations made by that Court appear to have used the benefit amounts employees were receiving as of March 31, 1982. *Chambers, supra,* pp 646-648, 659-660. In the cases discussed in the *Chambers* opinion, our Supreme Court affirmed § 354 setoff calculations which resulted in no workers' compensation entitlement and reached results consistent with the Legislature's purpose in enacting § 354, as well as the workers' disability compensation system. *Id.,* pp 654, 665-666.

The coordination and setoff provisions were enacted to eliminate and prevent duplicative payment of workers' compensation benefits to retired employees who were also receiving pensions, social security, or both. *Id.,* p 658. Workers' compensation, pensions, social security old-age benefits, and other similar benefits are designed to remedy the loss of wage-earning ability. This Court recognizes

the definite reality that a retired person may still have a wage-earning capacity that could be impaired by a preretirement work-related disability entitling him to workers' compensation as well as pension and social security benefits. However, it follows that this is the very reason the Legislature chose to remedy the situation by a setoff of duplicative benefits, as opposed to pure elimination of workers' compensation benefits to retired employees.

We note that plaintiff's argument for calculation from the initial entitlement date ignores two factors. First, plaintiff neglected to indicated whether initial or current workers' compensation benefit amounts were used in the calculation. This Court submits that, regardless of which is the correct setoff date, the workers' compensation benefit amount from that same date must be used. Second, and more important, plaintiff ignores the fact that the supplemental benefits he receives under MCL 418.352; MSA 17.237(352) are not subject to coordination or setoff. MCL 418.354(1); MSA 17.237(354)(1). This supplemental benefit, which was intended to update the amount of workers' compensation benefits paid to employees disabled between September 1, 1965, and December 31, 1979, had been included in plaintiff's disability compensation benefits since January 1, 1982. Plaintiff will continue to receive the supplemental amount even if his regular workers' compensation benefits are completely eliminated. *Chambers, supra,* p 660.

We conclude that the Legislature intended a setoff of the pension and social security benefit amounts plaintiff was currently receiving as of March 31, 1982, the effective date of § 354. Statutory prohibitions against reductions in workers' compensation benefits due to a larger possible

setoff from cost-of-living increases in social security or pensions should apply to increases after this initial coordination and subsequent reduction of benefits. Section 354, subds (1)(d) and (7).

Plaintiff's second claim is that employees whose disability dates precede the effective date of § 354, i.e., March 31, 1982, are denied equal protection of the law by application of the coordination provision to their benefits as of that date.

The legislative rationale behind the enactment of § 354 was to prevent the abuse of the workers' compensation system and its purpose through duplicative receipt of workers' compensation benefits as well as social security and pension benefits. *Chambers, supra,* pp 655-658. The elimination of this perceived abuse was a legitimate goal which could ultimately result in savings of millions of dollars in duplicative benefit payments. Further, the Legislature also had a legitimate interest in seeing that voluntarily retired employees not receive more money through duplicative payments than those employees would have ever earned on the job. The *Chambers* Court recognized that avoiding this disincentive to work was an interest justifying literal application of the coordination provision to all employees regardless of whether their injury predated the statute. *Id.,* p 658.

Further, the attention given to protecting supplemental benefits of employees injured prior to 1979 from coordination and the regular benefits of employees over the age of sixty-five from age reduction demonstrates that the Legislature was aware of possible unequal or discriminatory treatment of a certain class of employees. The practical result of these protective provisions is that employees like plaintiff injured prior to 1979 and retired prior to 1982, and who are eligible for workers' compensation, pension, and social security benefits,

stand on equal footing with employees eligible for the same benefits after 1982. Coordinating benefits based on amounts currently received at the time the statute becomes applicable to the particular employee is not unequal or discriminatory operation nor an application of § 354 that violates plaintiff's constitutional right to equal protection of the law.

The third and final issue presented is whether plaintiff is barred from raising the issue concerning the correct coordination calculation date under § 354 by the doctrine of res judicata or, in the alternative, whether plaintiff failed to preserve the issue below.

In light of our Supreme Court's remand of this case and this Court's holding, these issues are moot. *Crawford Co v Secretary of State,* 160 Mich App 88, 93; 408 NW2d 112 (1987).

This case is remanded to the WCAB for entry of an order consistent with this Court's decision.