CITY OF DETROIT v DETROIT POLICE OFFICERS ASSOCIATION

Docket No. 98725. Submitted August 16, 1988, at Detroit. Decided January 18, 1989.

The City of Detroit filed with the Employment Relations Commission for compulsory arbitration between itself and the Detroit Police Officers Association after mediated negotiations on a new contract broke down. The old contract was due to expire in June, 1986. Arbitration hearings began on July 16, 1986. On November 24, 1986, the city petitioned the Employment Relations Commission to direct that the arbitration proceedings be concluded within the statutory sixteen-week period. The petition was denied. The city brought an action in the Wayne Circuit Court for mandamus. The court, Roland L. Olzark, J., granted mandamus. The DPOA appealed.

The Court of Appeals *held:*

Mandamus is an appropriate remedy to compel completion of administrative hearings within the time provided for by statute. However, issuance of a writ is subject to the principles of equity, justice, discretion, and, in appropriate cases, estoppel. The city's request for mandamus was untimely, since it waited until the order of mandamus would have a negative impact on the DPOA.

Reversed.

1. APPEAL — MOOTNESS.

An issue is moot when an event occurs which renders it impossible for the Court of Appeals to fashion a remedy.

2. MANDAMUS — EQUITY.

Mandamus is an extraordinary remedy which may issue to compel a body or an officer to perform a clear legal duty for one holding a clear legal right to such performance; it is not properly issued to control the execution of a discretionary act but may compel the exercise of discretion where mandated by law.

REFERENCES

Am Jur 2d, Mandamus §§ 4, 5, 31 *et seq.*, 46 *et seq.*, 162-165.
See the Index to Annotations under Administrative Law; Mandamus.

3. MANDAMUS — ESTOPPEL — DEFENSES.

> Because mandamus is an extraordinary remedy, it should not issue where the party seeking it has an adequate remedy at law; issuance of a writ is subject to the principles of equity, justice, discretion, and, in appropriate cases, the defense of estoppel.

4. MANDAMUS — ADMINISTRATIVE LAW.

> Mandamus is an appropriate remedy to compel completion of administrative hearings within the time provided for by statute.

*Floyd E. Allen,* for plaintiff.

*Gallon, Kalniz & Iorio Co, LPA* (by *Jack Gallon* and *Ted Iorio*), for Detroit Police Officers Association.

Before: DOCTOROFF, P.J., and WAHLS and T. L. BROWN,* JJ.

PER CURIAM. Detroit Police Officers Association (DPOA) appeals as of right from the Wayne Circuit Court order granting the City of Detroit a writ of mandamus compelling the arbitration proceedings for DPOA and the city to follow a schedule which would allow the arbitration panel to issue its decision no later than March 31, 1987.

In contemplation of the June, 1986, expiration of a collective bargaining agreement between the DPOA and the city, the DPOA requested that the Michigan Employment Relations Commission appoint a state mediator. MERC complied with the DPOA's request, and negotiations began in April, 1986. After just one month, the negotiations reached an impasse.

DPOA then filed for compulsory arbitration pursuant to 1969 PA 312, MCL 423.231 *et seq.*; MSA 17.455(31) *et seq.* With defendant John B. Kiefer

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as chairman of the arbitration panel, arbitration hearings began on July 16, 1986. The record reflects several requests by the city to increase the frequency of hearing days to help expedite the resolution of this case. According to the city, it insisted throughout the proceedings that the arbitration be concluded within the statutory time frame provided in Act 312. On November 24, 1986, the city filed a petition requesting MERC to direct that the arbitration proceedings conclude within the thirty days allowed by statute. MERC denied this petition on December 10, 1986.

On January 6, 1987, the city filed its complaint in this matter in Wayne Circuit Court seeking a writ of mandamus. The complaint essentially alleged that Act 312 established a mandatory sequence and time frame for the resolution of labor disputes and that the arbitration chairman as well as MERC had failed to adhere to the requisite time frame. The city alleged it was suffering injury as a result of this failure because it was unable to make budgeting decisions until the completion of the arbitration. The city sought a court order requiring both consecutive hearing days until completion of hearings and a decision within thirty days of the end of the hearings. The city further requested that MERC be required to notify its arbitrators that they must comply with the time limitations in Act 312.

At the January 23, 1987, show cause hearing, the city claimed that Act 312 provided a sixteen-week time frame in which an arbitration proceeding must be completed, absent agreement by the parties, and argued that it had a clear legal right to an expeditious resolution since it had not waived the statutory time requirements. MERC claimed that it had substantially complied with the time requirements of Act 312. Kiefer explained

to the court that the complexity of the issues here made strict compliance unlikely but asserted that the matter was moving expeditiously. The DPOA disagreed that the statute required an arbitration proceeding to be completed within sixteen weeks. It asserted that the city had wasted certain hearing dates and had otherwise impeded progress in the case. It also argued that the city's request had an unfair impact on DPOA's presentation since the city had all but completed its case before seeking the writ.

Without making any findings of fact, the circuit court issued a writ of mandamus ordering that a decision issue in the case by March 31, 1987. It did not require consecutive hearing days, but required that DPOA comply with a hearing schedule which would facilitate the conclusion of the hearings.

About two weeks later, the parties were back before the circuit court because the city asserted that the currently scheduled hearing dates were not sufficient to enable completion in time for a decision to be issued by March 31, 1987. Kiefer explained to the court that the scheduled hearing dates were based on the parties' estimation that proofs would conclude at the end of February. However, the city had underestimated the time required to complete its case and now sought consecutive hearing dates to gain additional time. The circuit court implored the parties to make good faith efforts to enable a decision to issue by mid-April so that the city could prepare a proper budget. This ruling was never formalized into an order signed by the court.

The arbitration award was finally issued on or about April 17, 1987.

The completion of the arbitration hearings and subsequent issuance of the award renders the issues here technically moot. An issue is moot

when an event occurs which renders it impossible for this Court to fashion a remedy. *Crawford Co v Secretary of State,* 160 Mich App 88, 93; 408 NW2d 112 (1987). However, we elect to address whether mandamus properly lies to enforce the time limitations in Act 312 and whether the writ of mandamus was properly issued in this case because the issues are of public significance and are likely to recur yet evade judicial review.

DPOA lists several reasons for its argument that the circuit court improperly issued the writ of mandamus in this case.

Mandamus is an extraordinary remedy which may issue to compel a body or an officer to perform a clear legal duty for one holding a clear legal right to such performance. *Teasel v Dep't of Mental Health,* 419 Mich 390, 409-410; 355 NW2d 75 (1984). It is not properly issued to control the execution of a discretionary act, but may compel the exercise of discretion where mandated by law. *Id.* "The primary purpose of the writ of mandamus is to enforce duties created by law." *McLeod v State Bd of Canvassers,* 304 Mich 120, 125; 7 NW2d 240 (1942).

Because mandamus is an extraordinary remedy, it should not issue where the party seeking it has an adequate remedy at law. *McLeod, supra,* pp 125-126. Issuance of a writ is subject to the principles of equity, justice, discretion, and, in appropriate cases, the defense of estoppel. *Oakland Bd of Ed v Superintendent of Public Instruction,* 401 Mich 37, 43-44; 257 NW2d 73 (1977).

The statutory scheme for binding arbitration contained in Act 312 is designed to provide an alternate, expeditious, effective and binding procedure for the resolution of labor disputes involving police and fire fighters, for whom striking is precluded by law. MCL 423.231; MSA 17.455(31). In

*Detroit v Detroit Police Officers Ass'n,* 408 Mich 410, 452; 294 NW2d 68 (1980), app dis 450 US 903; 101 S Ct 1337; 67 L Ed 2d 326 (1981), our Supreme Court upheld the constitutionality of Act 312 and noted that it establishes specific time limits circumscribing arbitral initiation and resolution.

We note that throughout Act 312, as amended, the statute employs the word "shall" in connection with the stated time limits. Statutory use of the word "shall" creates a mandate and an imperative. It precludes any discretion when used to command a public official. *Southfield Twp v Drainage Bd for Twelve Towns Relief Drains,* 357 Mich 59, 76; 97 NW2d 821 (1959).

MCL 423.236; MSA 17.455(36) provides:

> Upon the appointment of the arbitrator, he shall proceed to act as chairman of the panel of arbitration, call a hearing, to begin within 15 days and give reasonable notice of the time and place of the hearing. . . . The hearing conducted by the arbitration panel may be adjourned from time to time, but, unless otherwise agreed by the parties, shall be concluded within 30 days of the time of its commencement. Its majority actions and rulings shall constitute the actions and rulings of the arbitration panel.

Thus, absent the parties' agreement otherwise, the arbitration hearings are to be concluded within thirty days of the first hearing date. The statutory time requirements only become flexible upon the agreement of the parties. Absent such agreement, and subject to other defenses, we conclude a party to binding arbitration may seek a writ of mandamus to enforce the mandatory time provisions of the act.

DPOA suggests that the city had an adequate remedy without mandamus since it could have

appealed MERC's denial of the city's petition, which sought essentially the same remedy as the complaint for writ of mandamus. Without answering whether the city could have appealed that MERC decision, we do not believe that any such appeal would provide an adequate remedy.

An appeal from an administrative agency which complies with the time requirements of MCR 7.105 may require five months to complete. A complaint seeking a writ of mandamus may be heard on an expedited basis. MCR 3.301(D). In this case, time was the central problem. If the statutory time limits are to be enforced, the expedited method of mandamus may be necessary and appropriate.

DPOA argues that the issuance of mandamus in this case was improper because of the city's untimely filing of the circuit court action. We agree.

The arbitration hearings began in this case on July 16, 1986. The statute requires that arbitration hearings conclude within thirty days of their commencement. That time period is tolled by a maximum of three weeks when used, as in this case, for a remand to the parties for further bargaining. Thus the time within which the arbitration proceedings should have concluded here ended about September 7, 1986. Yet the city waited nearly five months after that date to file the circuit court action. By that time, the city had apparently nearly completed its case presentation. Suddenly increasing the pace of the hearings at that point would thereby have a negative impact mostly on DPOA. Because the city waited so long to pursue this extraordinary remedy, its request was untimely and the writ should have been denied on this ground.

Reversed.