LUCAS COUNTY DEPARTMENT OF HUMAN SERVICES v
WAYNE

Docket No. 109921. Submitted December 14, 1988, at Detroit. Decided
    February 21, 1989. Leave to appeal applied for.

The Lucas County, Ohio, Department of Human Services, on
    behalf of Lucas County, Ohio, resident Carol Pollzzie, filed in a
    Lucas County, Ohio, court a petition pursuant to the Uniform
    Reciprocal Enforcement of Support Act against Monroe County,
    Michigan, resident Donald Gordon Wayne. Petitioner alleged
    that respondent was the father of Pollzzie's two children and
    sought the payment of support for the children by respondent.
    The petition was certified to the Monroe Circuit Court, where
    respondent initially denied paternity but later consented to the
    entry of an order of filiation. Before an order of support could
    be entered, Pollzzie moved to Michigan and petitioner obtained
    orders in both the Ohio and Michigan courts dismissing the
    URESA petition. Respondent petitioned the Monroe Circuit
    Court to reopen the case for a change of the children's custody.
    The court, Daniel L. Sullivan, J., denied the petition. Respon-
    dent appealed.

    The Court of Appeals *held:*

    The Revised Uniform Reciprocal Enforcement of Support Act
    permits Michigan courts, when acting as a responding court
    under the RURESA, to adjudicate the issue of paternity where, as
    here, paternity has not been legally acknowledged, previously
    adjudicated, or established by marriage and the respondent-
    obligor asserts as a defense that he is not the father of the
    child for whom support is sought. However, the RURESA ex-
    pressly provides that issues of custody or visitation shall not be
    adjudicated in proceedings brought under the RURESA. The
    circuit court therefore did not err in denying respondent's
    petition for a change of custody.

    Affirmed.

REFERENCES

Am Jur 2d, Desertion and Nonsupport §§ 117 *et seq.*
Construction and application of state statutes providing for recipro-
    cal enforcement of duty to support dependents. 42 ALR2d 768.

1. PARENT AND CHILD — CHILD SUPPORT — PATERNITY — REVISED
   UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT.
   
   A Michigan court, when acting as a responding court on a
   petition brought under the Revised Uniform Reciprocal En-
   forcement of Support Act, may adjudicate the issue of paternity
   when paternity has not been legally acknowledged, previously
   adjudicated, or established by marriage and the obligor asserts
   as a defense that he is not the father of the child for whom
   support is sought (MCL 780.166a; MSA 25.225[16a]).

2. PARENT AND CHILD — CHILD SUPPORT — CHILD CUSTODY — REVISED
   UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT.
   
   A court, in a proceeding pursuant to the Revised Uniform Recip-
   rocal Enforcement of Support Act, shall not adjudicate an issue
   of custody or visitation (MCL 780.182; MSA 25.255[32]).

*Kirk D. McMullen,* for appellee.

*William A. Garrett,* for appellant.

Before: BEASLEY, P.J., and GILLIS and J. T. HAM-
MOND,* JJ.

BEASLEY, P.J. On June 13, 1988, the Monroe
Circuit Court denied respondent Donald Gordon
Wayne's petition for a change of custody as to
respondent's two minor children. The sole issue on
appeal is whether the circuit court erred in con-
cluding that the issue of custody could not prop-
erly be raised in the proceeding before it. We find
it did not.

Petitioner, Lucas County (Ohio) Department of
Human Services, filed a Uniform Reciprocal En-
forcement of Support Act (URESA)[1] petition on be-
half of Carol Pollzzie, an Ohio resident. The peti-
tion alleged that respondent was the father of Ms.
Pollzzie's two children and that the children were

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See Ohio Rev Code Ann §§ 3115.01 *et seq.* (Anderson 1980). For
analogous provisions under Michigan law, see the Revised Uniform
Reciprocal Enforcement of Support Act (RURESA), MCL 780.151 *et seq.*;
MSA 25.225(1) *et seq.*

entitled to receive support from respondent. The case was certified to the Monroe Circuit Court (responding court) in Michigan, where respondent resides. In response to petitioner's show cause motion, respondent denied paternity. After blood tests indicated a high likelihood of respondent's paternity, respondent agreed, on April 8, 1987, to an order of filiation, which was entered June 1, 1987. On September 22, 1987, before an order of support could be entered, the court granted petitioner's motion to dismiss the URESA petition, since Ms. Pollzzie had moved to Michigan.[2] Subsequent to the dismissal, respondent petitioned the Monroe Circuit Court for custody of the children, seeking to "reopen this case".[3] The Monroe Circuit Court denied the petition on June 13, 1988, stating, inter alia:

> Under MCLA 780.182, Section 32(1) a proceeding pursuant to this Act ([R]URESA) shall adjudicate only the issue of support and shall not adjudicate an issue of custody or visitation. Therefore, under this statute a change of custody cannot be made.

On appeal, respondent does not contest the fact that RURESA proceedings are an inappropriate forum for custody determinations.[4] Rather, respondent contends that, once the filiation order was entered, the Michigan Paternity Act[5] took over and transformed that which had begun as a RURESA proceeding into a Paternity Act proceed-

[2] The Lucas County, Ohio, court had granted a parallel motion on August 26, 1987.

[3] This quotation is taken from the petition respondent filed with the Monroe Circuit Court. In this regard, we note that respondent has, on appeal, appended to his brief a document purporting to be the "petition for change of custody." However, the lower court records reveal that a somewhat modified petition was, in fact, filed with the court.

[4] See MCL 780.182; MSA 25.225(32).

[5] MCL 722.711 et seq.; MSA 25.491 et seq.

ing, and that under § 10 of the Paternity Act,[6] the court had jurisdiction to effect a change of custody.

We are not persuaded by respondent's argument —the leopard did not change its spots. In spite of a brief detour through the procedures of the Paternity Act, the proceeding below was, throughout, a RURESA proceeding. Section 16a of RURESA[7] states that a responding court may adjudicate the issue of paternity in a RURESA proceeding where the obligor-father denies paternity and where the issue of paternity has not previously been established by way of marriage, legal acknowledgment or adjudication. The facts of the within case satisfy these requisites. Thus, under § 16a, the RURESA proceeding could properly encompass adjudication as to paternity.

While specific procedures for the paternity determination are not set forth in RURESA, the Legislature has provided a statutory method for determining paternity under the Paternity Act. When faced with statutes which address the same subject (in pari materia), the two must be construed together and harmonized whenever possible.[8] As the issues involved in a RURESA paternity determination parallel those involved in a proceeding under the Paternity Act, it is fitting that parallel procedures be utilized in the two.[9] However, the mere fact that parallel procedures are to be utilized does not mean that whenever paternity is at issue the suit is to be pulled out of RURESA and replanted in toto in Paternity Act territory. Rather, we believe

[6] MCL 722.720; MSA 25.500.

[7] MCL 780.166a; MSA 25.225(16a).

[8] *Crawford Co v Secretary of State,* 160 Mich App 88, 95; 408 NW2d 112 (1987).

[9] See *Borchers v McCarter,* 181 Mont 169, 173-175; 592 P2d 941 (1979); *Clarkston v Bridge,* 273 Or 68, 78-79; 539 P2d 1094 (1975); *Dep't of Social Services v Wright,* 736 SW2d 84, 86 (Tenn, 1987); 23 Am Jur 2d, Desertion and Nonsupport, § 135, p 985.

that, on the paternity issue, the responding court in the RURESA proceeding is to look to the Paternity Act for guidance as to form and procedure. Said guidance need be followed only to the extent that such form and procedure is consistent with the provisions of RURESA itself.

Section 32(1) of RURESA bars adjudication on the issue of custody. To the extent that the provisions of the Paternity Act permit a custody determination, a conflict between the two acts arises and, as between the two, where paternity is raised in a RURESA proceeding, the RURESA provision must control.

A RURESA proceeding "shall not adjudicate an issue of custody."[10] Accordingly, the proceeding below was an inappropriate forum in which to raise the custody issue. The trial court's denial of respondent's petition for change of custody is, thereby, affirmed.

Affirmed.

---

[10] MCL 780.182; MSA 25.225(32).