*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEORGE RAJALA,

Plaintiff-Appellant,

v

HOUGHTON COUNTY BOARD OF ROAD
COMMISSIONERS,

Defendant-Appellee.

UNPUBLISHED
August 8, 2024

No. 366633
Houghton Circuit Court
LC No. 2022-017944-AW

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(7) (governmental immunity). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff resides on Rajala Road, an unpaved county road in Houghton County near the Sturgeon River. For several years, plaintiff requested that defendant repair the road because it flooded up to two feet for three weeks every year, making it impossible for plaintiff and the other homeowner on Rajala Road to traverse. There are no alternate routes to plaintiff's home, and emergency and nonemergency services cannot access the homes during this time. Defendant declined to take on Rajala Road as a project, because Chassell Township, the township in which the road belongs, refused to fund half the project. Plaintiff filed suit, seeking a writ of mandamus for defendant to fix the road, alleging defendant was obligated to fix the road under MCL 224.21. Defendant moved for summary disposition, arguing, in pertinent part, that (1) it did not have any such duty, and (2) even if it did, the duty was not ministerial in nature, rendering mandamus inappropriate. Defendant also argued plaintiff's claim was time-barred by the statute of limitations. The trial court granted defendant's motion. Plaintiff now appeals.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision to grant or deny summary disposition." *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). "In so doing, we review

-1-

the entire record to determine whether the moving party was entitled to summary disposition." *Id.* "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id.* at 429 (footnote and citations omitted).

> If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Id.* (footnotes and citations omitted).]

"We review de novo, as questions of law, whether [a] defendant[] ha[s] a clear legal duty to perform and whether [a] plaintiff has a clear legal right to performance of any such duty." *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). "Contrastingly, because mandamus is a discretionary writ, we review for an abuse of discretion a trial court's decision regarding whether to grant mandamus relief[.]" *Id.* (quotation marks and citations omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Cox v Hartman*, 322 Mich App 292, 298; 911 NW2d 219 (2017).

Issues of statutory interpretation are reviewed de novo. *Berry*, 316 Mich App at 41. "The primary goal of statutory construction is to give effect to the Legislature's intent." *McCormick v Carrier*, 487 Mich 180, 191; 795 NW2d 517 (2010). "This Court begins by reviewing the language of the statute, and, if the language is clear and unambiguous, it is presumed that the Legislature intended the meaning expressed in the statute." *Id.* "Judicial construction of an unambiguous statute is neither required nor permitted." *Id.* at 191-192. "When reviewing a statute, all non-technical 'words and phrases shall be construed and understood according to the common and approved usage of the language,' and, if a term is not defined in the statute, a court may consult a dictionary to aid it in this goal." *Id.* at 192 (citation omitted). "A court should consider the plain meaning of a statute's words and their placement and purpose in the statutory scheme." *Id.* (quotation marks and citations omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition to defendant because defendant's duty in this case was ministerial, and therefore subject to mandamus. We disagree.

"Mandamus is an extraordinary remedy which may issue to compel a body or an officer to perform a clear legal duty for one holding a clear legal right to such performance[.]" *Detroit v Detroit Police Officers Ass'n*, 174 Mich App 388, 392; 435 NW2d 799 (1989).

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is

ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided. [*Berry*, 316 Mich App at 41 (quotation marks and citation omitted).]

Our Supreme Court has held that a road commission's duty under MCL 691.1402(1) "does not include a duty to correct design defects." *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 503; 638 NW2d 396 (2002). *Hanson* elaborated, reasoning that "the road commission's duty under the highway exception does not include a duty to design, or to correct defects arising from the original design or construction of highways." *Id*. at 502. The record indicates that, since its construction, Rajala Road has been subject to seasonal flooding. Therefore, it is apparent that the flooding issue is a defect in the *design* of Rajala Road, not one caused by defendant's failure to keep it in reasonable repair. Furthermore, our Supreme Court explained that "[t]he state and county road commissions' duty, under the highway exception, is only implicated upon their *failure to repair or maintain the actual physical structure of the roadbed surface, paved or unpaved,* designed for vehicular travel, which in turn proximately causes injury or damage." *Id*. at 499. As such, "the only permissible claims [under the highway exception] are those arising from a defect in the actual roadbed itself." *Id*. at 503. In this case, plaintiff does not claim there is a defect on the *surface* of Rajala Road's roadbed. Plaintiff's alleged defect concerns the entirety of the road. Because defendant did not owe plaintiff a duty to improve Rajala Road, mandamus is inappropriate.

Affirmed.[1]

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

[1] Because the trial court did not err by dismissing plaintiff's claim, we need not address defendant's arguments pertaining to the statute of limitations or laches.