PEOPLE v BROWER

Docket No. 91353. Submitted July 9, 1987, at Lansing. Decided November 2, 1987. Leave to appeal applied for.

James E. Brower was charged in district court with operating a motor vehicle while under the influence of intoxicating liquor. After several delays prompted by defendant, the case was scheduled for a bench trial. On the date of trial, the prosecutor informed the court that two police witnesses had been detained in another court and asked for an adjournment or a short continuance to give those witnesses an opportunity to appear. The request was denied. The prosecutor then asked that the charge against defendant be dismissed. Defense counsel objected unless the dismissal was with prejudice. The motion to dismiss was denied and the court ordered defense counsel to call his first witness. Defendant was called and, upon being asked his name, refused to testify, asserting the Fifth Amendment. The court then dismissed the case without deciding whether, in its opinion, jeopardy had attached. The prosecutor then refiled the charge against defendant. Defendant moved to dismiss on the grounds of double jeopardy. The motion was denied. Following trial defendant was convicted. He appealed to the Oakland Circuit Court, which reversed on double jeopardy grounds, Robert L. Templin, J. The people appeal by leave granted.

The Court of Appeals *held:*

Jeopardy attaches in bench trials when the first witness is sworn. Defendant therefore was put in jeopardy when he was sworn, regardless of the fact that he refused to answer questions and asserted his Fifth Amendment right against self-incrimination. The circuit court did not err in reversing defendant's conviction.

Affirmed.

CRIMINAL LAW — JEOPARDY — BENCH TRIAL.

Jeopardy attaches in a bench trial once the first witness is sworn.

REFERENCES

Am Jur 2d, Criminal Law §§ 258 *et seq.*

When does jeopardy attach in a nonjury trial. 49 ALR3d 1039.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Ronald A. Pentz,* for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

M. J. KELLY, P.J. Defendant was arrested on October 6, 1982, and subsequently charged with operating a motor vehicle while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325. After several delays prompted by defendant, the case was scheduled for a bench trial on March 17, 1983. On that date the prosecutor informed the court that two police witnesses had been detained in another court. The prosecutor asked for an adjournment, or in the alternative a short continuance to give the officers an opportunity to appear. The court denied the request. The prosecutor then asked the court to dismiss the charge. Defense counsel objected unless the dismissal was with prejudice. The trial court then denied the prosecutor's request and ordered defense counsel to call his first witness, presumably to attach jeopardy. Defendant was called to the stand and, upon being asked his name, refused to testify, asserting the Fifth Amendment.

After the district court judge "dismissed the case without deciding whether, in its opinion, jeopardy had attached," the prosecutor refiled the charge against defendant. Defendant filed a motion to dismiss on the basis of double jeopardy, which the court denied. Defendant was then convicted and

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

appealed his conviction to circuit court, which reversed on double jeopardy grounds. The prosecutor now appeals by leave granted. We affirm.

> The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ." The federal Double Jeopardy Clause protects the finality of judgments, *Crist v Bretz,* 437 US 28, 33; 98 S Ct 2156; 57 L Ed 2d 24 (1978), and the individual's interest in not being repeatedly subjected to prosecution for the same offense. *Green v United States,* 355 US 184, 187-188; 78 S Ct 221; 2 L Ed 2d 199 (1957); *Arizona v Washington,* 434 US 497, 503-504; 98 S Ct 824; 54 L Ed 2d 717 (1978). Once jeopardy has attached, the protections of the Double Jeopardy Clause are triggered. Jeopardy attaches in a criminal jury trial once the jury is empaneled and sworn. *Crist, supra.* The federal standard of when jeopardy attaches is applicable to the states. *Crist, supra.* [*People v Thompson,* 424 Mich 118, 122; 379 NW2d 49 (1985), reh den 424 Mich 1206 (1986).]

The question here is, at what point does jeopardy attach in a bench trial? Appellant relies on *Serfass v United States,* 420 US 377, 388; 95 S Ct 1055; 43 L Ed 2d 265 (1975), where the Supreme Court stated: "In a nonjury trial, jeopardy attaches when the court begins to hear evidence." This language has been cited with approval with slight variation in footnotes to two Michigan Supreme Court cases: *People v Alvin Johnson,* 396 Mich 424, 431 n 3; 240 NW2d 729 (1976), and *People v Cooke,* 419 Mich 420, 434 n 3; 355 NW2d 88 (1984).[1] However, neither *Serfass, Johnson,* or

---

[1] While *People v Johnson* directly quotes *Serfass,* the footnote in *People v Cooke* states:

In a bench trial, jeopardy attaches at the time the prosecu-

*Cooke* are factually on point with this case. *Serfass* involved a pretrial order of dismissal, *Johnson* involved a guilty plea, and *Cooke* was a consolidated case in which the referred-to footnote was part of the opinion that dealt with a prosecutor's appeal from an order acquitting the defendant on the basis of insufficiency of the evidence entered after the jury returned a verdict of guilty. *Cooke* was affirmed on statutory grounds and the double jeopardy question was not reached.

The final statement made by the Court in *Serfass, supra* at 394, was:

> We hold only that the Double Jeopardy Clause does not bar an appeal by the United States under 18 USC § 3731 with respect to a criminal defendant who has not been "put to trial before the trier of the facts, whether the trier be a jury or a judge." *United States v Jorn,* 400 US [470, 479; 91 S Ct 547; 27 L Ed 2d 543 (1971)].

In the subsequent United States Supreme Court case of *Crist v Bretz, supra,* double jeopardy was again the issue. Montana law provided that in a jury trial jeopardy did not attach until the first witness was sworn. The Supreme Court disagreed and held that once the jury was sworn jeopardy attached. In its discussion, the Court cited *Serfass* and stated in a footnote:

> In nonjury trials jeopardy does not attach until the first witness is sworn. *Serfass v United States,* 420 US 377, 388. [*Crist, supra* at 37 n 15.]

Subsequently, this footnote was adopted by the Fourth Circuit Court of Appeals as the point at which jeopardy attaches in a bench trial. In *Goolsby v Hutto,* 691 F2d 199 (CA 4, 1982), two different district court judges denied the prose-

tion calls its first witness. *Serfass v United States,* 420 US 377; 95 S Ct 1055; 43 L Ed 2d 265 (1975).

cutor's motion for nolo prosequi and the prosecutor refused to go forward with evidence. The trial judge called and swore in a detective who had been subpoenaed as a defense witness. The prosecutor refused to ask any questions of the witness, who was then dismissed. The trial judge concluded that jeopardy had attached and dismissed the charges for lack of evidence. The Fourth Circuit Court of Appeals concluded that jeopardy had attached when the witness was sworn and that further prosecution on a felony charge involving the same circumstances was barred.

The rationale in *Goolsby* was that defendant was put to trial before the trier of fact and when the witness was called and sworn the defendant became subjected to either conviction or acquittal. "The fact that the witness gave no evidence required the acquittal of Goolsby by the general district court, just as his conviction would have been required had the witness given evidence sufficient to sustain his guilt." *Goolsby, supra* at 202. *Goolsby* held that when the witness was sworn the court began to hear evidence, and it was immaterial whether or not the witness testified.

The facts in *Goolsby* are on point with the facts presented in this case. Defendant here was put in jeopardy once the first witness was sworn, regardless of the fact that the witness subsequently did not answer questions but asserted his Fifth Amendment privilege against self-incrimination.

We hold that the circuit court did not err and that jeopardy attaches in a bench trial once the first witness is sworn.

Affirmed.