PEOPLE v KNEZ

Docket No. 99088. Submitted April 19, 1988, at Lansing. Decided
December 5, 1988. Leave to appeal applied for.

Bryan Knez was charged in district court with operating a motor
vehicle while under the influence of intoxicating liquor. The
district court judge dismissed the complaint as having been
improperly executed. The people filed a motion for reconsidera-
tion, which was granted. On reconsideration, the district court
judge reversed the prior dismissal and reinstated the charge
against defendant. Defendant appealed to the Oakland Circuit
Court, which ruled that the complaint was invalid and rein-
stated the district court's dismissal of the charge. The court,
John N. O'Brien, J., concluded that jeopardy had not attached
in the prior proceeding and that the people could reinstate the
charge against defendant. The people appealed to the Court of
Appeals by leave granted. The Court of Appeals in an unpub-
lished opinion per curiam, after preliminarily determining that
the complaint was valid and that, because the first witness was
sworn before dismissal of the charge, jeopardy had attached,
held that the Court of Appeals was without jurisdiction to
address the propriety of dismissing the charge against defen-
dant. As an aside though, the Court stated that even though
jeopardy attached to defendant, retrial was not barred by the
prohibition against double jeopardy because the charge against
defendant was dismissed on a basis unrelated to his factual
guilt or innocence on the charge. Defendant moved for rehear-
ing, which was granted.

On rehearing, the Court of Appeals held:

Where a defendant deliberately chooses to seek termination
of proceedings against him on a legal technicality unrelated to
his factual guilt or innocence, the double jeopardy clause does
not bar his retrial.

Affirmed.

CRIMINAL LAW — DOUBLE JEOPARDY — DISMISSAL OF CHARGES —
LEGAL TECHNICALITIES.

The double jeopardy clause does not bar retrial of a defendant

REFERENCES

Am Jur 2d, Criminal Law §§ 258 et seq., 309 et seq.
WHen does jeopardy attach in nonjury trial. 49 ALR3d 1039.

who deliberately chooses to seek termination of proceedings against him on a legal technicality unrelated to his factual guilt or innocence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

Bryan Knez, in propria persona, and *Charles H. Tatham,* of Counsel, for defendant.

Before: KELLY, P.J., and SULLIVAN and M. J. SHAMO,* JJ.

KELLY, P.J. We granted rehearing to address defendant's challenge of our finding that his retrial is not barred by the prohibition against double jeopardy. *People v Knez,* unpublished opinion per curiam of the Court of Appeals, decided July 8, 1988. (Docket No. 99088).[1] Defendant argues that this finding was in direct conflict with this Court's

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] The summary of factual background from the unpublished per curiam opinion follows:

[D]efendant was charged in a uniform citation with operating a motor vehicle under the influence of intoxicating liquor, contrary to MCL 257.625; MSA 9.2325. After delays, the matter proceeded to a bench trial before the 52-3 District Court on May 13, 1986.

When the first witness had been sworn and commenced testimony by giving and spelling his name, defendant moved for dismissal on the grounds that the complaint was fatally defective because it was not sworn before a person authorized to take an oath and because it did not contain language that the statements made by the complaining witness must be under oath and under the penalty of perjury.

After hearing testimony from the person before whom the complaint was signed and sworn and her supervisor, the court administrator who acted as the court clerk, the district judge dismissed the complaint as improperly executed.

holding in *People v Brower,* 164 Mich App 242; 416 NW2d 397 (1987), lv den 430 Mich 864 (1988). We disagree and reaffirm our original holding.

Where a defendant deliberately chooses to seek termination of proceedings against him on a legal technicality unrelated to his factual guilt or innocence, the double jeopardy clause does not bar his retrial. *United States v Scott,* 437 US 82, 98-99; 98 S Ct 2187; 57 L Ed 2d 65 (1978), reh den 439 US 883 (1978); *Illinois v Somerville,* 410 US 458; 93 S Ct 1066; 35 L Ed 2d 425 (1973); *People v Greer,* 91 Mich App 18, 25-26; 282 NW2d 819 (1979).

In *Brower, supra,* the district court dismissed the charges against the defendant because the prosecutor failed to produce any witnesses against the defendant, and the defendant refused to testify after being sworn in as a witness. The *Brower* dismissal was due to the prosecutor's failure to adduce proofs, not because of a technical defect in the complaint. The *Brower* dismissal amounted to a directed verdict or an acquittal for the defendant, which was related to his factual guilt or innocence, therefore retrial was barred by double jeopardy. Defendant's assertion that the dismissal in *Brower* was unrelated to Brower's guilt or innocence is simply incorrect.

Our holding in *Brower* is easily distinguishable from the instant case. Here the case against defendant was dismissed due to a supposedly faulty complaint, a legal technicality unrelated to defendant's factual guilt or innocence. Since defendant elected to seek termination of his trial on grounds unrelated to his factual guilt or innocence, double jeopardy does not bar his retrial. *Scott, supra* at 96, 98-99; *Greer, supra* at 25-26.

Affirmed.