PEOPLE v RUTHERFORD

Docket Nos. 144458, 144459. Submitted April 21, 1994, at Grand
Rapids. Decided December 29, 1994, at 9:05 A.M. Leave to
appeal denied, 448 Mich 909.

Michael W. Rutherford was convicted in the Midland Circuit
Court, Paul J. Clulo, J., of breaking and entering an occupied
building with intent to commit larceny and conspiracy to
commit a breaking and entering. The defendant later pleaded
guilty of being a third-offense habitual offender. The convictions
resulted from a retrial of the charges after the original trial
ended in a mistrial declared by the trial court. In a separate
proceeding, the defendant pleaded guilty in the Midland Circuit
Court, Paul J. Clulo, J., of resisting and obstructing an officer,
the plea being offered in exchange for dismissal of the prior
conspiracy conviction. Following sentencing for the separate
convictions, the defendant filed separate appeals, and the ap-
peals were consolidated.

The Court of Appeals held:

1. In the original trial, the trial court sua sponte declared a
mistrial on the basis that the jury's submission of written
questions to the court before the case had been sent to the jury
indicated that the jury had started its deliberations, necessitat-
ing a mistrial. While no double jeopardy considerations occur
upon retrial where a mistrial is granted because of manifest
necessity, the mere submission of questions by the jury before
the case has been sent to the jury is not sufficient to establish
that the jury engaged in improper deliberations such as would
provide the manifest necessity for declaring a mistrial. There-
fore, the mistrial should not have been granted, retrial of those
charges violated the defendant's constitutional rights against
double jeopardy, and the convictions of breaking and entering
and being an habitual offender must be reversed.

2. Because the defendant has already served his minimum
sentence for the conviction of resisting and obstructing an
officer, the question whether his minimum sentence for that

REFERENCES

Am Jur 2d, Trial §§ 1577, 1708.
See ALR Index under Jury and Jury Trial; Mistrial.

offense violates the principle of proportionality is moot, the Court of Appeals being unable to fashion any remedy at this point.

Affirmed in part and reversed in part.

CORRIGAN, P.J., concurring in part and dissenting in part, agreed that the issue relating to the sentence for resisting and obstructing an officer is moot, but stated that the breaking and entering and habitual offender convictions should be affirmed, because the defendant cannot complain that a mistrial was granted in the first trial in view of the fact that he had sought a mistrial, albeit for a reason other than that relied upon by the trial court in ordering the mistrial.

CRIMINAL LAW — JURY QUESTIONS — MISTRIAL — DOUBLE JEOPARDY — MANIFEST NECESSITY.

A jury's submission to a court of questions relating to evidentiary matters before a case has been sent to the jury is not sufficient to establish that the jury has engaged in improper deliberations such that there exists a manifest necessity that the court sua sponte order a mistrial.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Norman W. Donker,* Prosecuting Attorney, and *Geoffrey K. Rettig,* Assistant Prosecuting Attorney, for the people.

*Hubbell & Hubbell, P.C.* (by *Daniel A. Hubbell*), for the defendant.

Before: CORRIGAN, P.J., and GRIFFIN and M. W. DRAKE,* JJ.

GRIFFIN, J. Following a jury trial, defendant was convicted of one count of breaking and entering an occupied building with the intent to commit larceny, MCL 750.110; MSA 28.305, and one count of conspiracy to commit a breaking and entering, MCL 750.157a; MSA 28.354(1) and MCL 750.110; MSA 28.305. Defendant later pleaded guilty of being an habitual offender, third offense, MCL

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

769.11; MSA 28.1083. In a separate proceeding, defendant pleaded guilty of resisting and obstructing an officer, MCL 750.479; MSA 28.747, arising out of an altercation with several correction officers that occurred while defendant was in jail awaiting sentencing for his earlier convictions. In exchange for the plea, the prosecutor agreed to the dismissal of defendant's prior conspiracy conviction. The defendant was sentenced to six to fifteen years' imprisonment for the breaking and entering conviction and sixteen to twenty-four months' imprisonment for the resisting and obstructing conviction. Defendant now appeals as of right. We affirm in part and reverse in part.

I

On July 9, 1991, a jury trial was commenced with respect to defendant's breaking and entering and conspiracy charges. On the second day of trial, following testimony by a rebuttal witness, the trial court declared a recess and excused the jury for a "morning break." During the recess, the trial court received a note from the jury room. On the note, four questions were written regarding evidentiary matters. From the handwriting on the note, it appears that the four questions were written by three different jurors. Questions A and B appear to be in the same handwriting. A second juror appears to have written question C, while a third juror appears to have written question D. The following questions were written on the note:

(A) Fingerprints on stereo equipment[?]
(B) If so whose[?]
(C) Who woke up Mr. Rutherford shortly before Officer Brooks spoke to him? Did anyone?
(D) Did anyone ever talk to Angela Slocum's aunt

to confirm the time Angela visited & dropped off her child.

After receiving the note, the trial court immediately summoned the jury to the courtroom and sua sponte declared a mistrial.[1] Without consulting the attorneys or the parties, the trial court ruled that the note evidenced the start of the jury's deliberations, thereby necessitating a mistrial.

Following reinstatement of the charges, defendant moved to dismiss the case on the ground that a retrial would violate his constitutional rights against double jeopardy.[2] Defendant argued that the trial court's declaration of a mistrial was not prompted by manifest necessity. In denying defendant's motion, the trial court ruled that there was no reasonable alternative to granting a mistrial. The lower court concluded that it was clear from the jurors' note that the jury had discussed the case among themselves. Subsequently, defendant was retried and convicted on the charges.

II

Defendant argues on appeal that the trial court's declaration of a mistrial was not prompted by manifest necessity. We agree. Jeopardy attaches in a jury trial once the jury is empaneled

[1] The dissent has raised an issue that is not argued by the parties. Although the dissent is "not persuaded that the judge sua sponte declared a mistrial," *post* at 204 the prosecution concedes otherwise in its counterstatement of facts in its brief: "The court sua sponte declared a mistrial."

Further, although defendant made a motion for a mistrial based upon misconduct by the prosecutor and a Fifth Amendment violation, it is unclear whether a retrial could have occurred had the motion been granted. See *People v Dawson,* 431 Mich 234, 253; 427 NW2d 886 (1988).

[2] Both the United States and Michigan Constitutions prohibit a defendant from being placed twice in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15.

and sworn. *Critz v Bretz,* 437 US 28, 38; 98 S Ct 2156; 57 L Ed 2d 24 (1978); *People v Brower,* 164 Mich App 242, 245; 416 NW2d 397 (1987), lv den 430 Mich 864 (1988), cert den 488 US 933 (1988). Because double jeopardy protection attaches before the end of a trial, a trial court's declaration sua sponte of a mistrial bars retrial of a defendant unless the mistrial was prompted by manifest necessity. *People v Dawson,* 431 Mich 234, 252; 427 NW2d 886 (1988). Therefore, a trial court should avoid declaring a mistrial sua sponte without first holding a hearing on the record and making explicit findings that no reasonable alternative exists, *People v Benton,* 402 Mich 47, 61; 260 NW2d 77 (1977) (opinion by LEVIN, J.).

Although there is no precise test concerning what constitutes "manifest necessity," it appears to refer to the existence of sufficiently compelling circumstances that would otherwise deprive the defendant of a fair trial or make its completion impossible.[3] Accordingly, " 'A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction . . . would have to be reversed on appeal due to an obvious procedural error in the trial.' " *Benton, supra* at 57, quoting *Illinois v*

---

[3] See, e.g., *Commonwealth v Gains,* 383 Pa Super 208; 556 A2d 870 (1989) (manifest necessity found where one of the juror's exposed jury to prejudicial information concerning the defendant's wife); *Bailey v State,* 521 A2d 1069 (Del, 1987) (manifest necessity found where prosecution witnesses improperly referred to the defendant's prior trial and conviction in the matter); *State v Pierce,* 459 A2d 148 (Me, 1983) (manifest necessity found where the trial court determined in a bench trial that it could not impartially assess the credibility of a prosecution witness); *Fuller v State,* 420 So 2d 650 (Fla App, 1982) (manifest necessity found where juror indicated during trial he could not be impartial and there was no alternate juror to replace him); *People v Harvey,* 121 Mich App 681; 329 NW2d 456 (1982) (manifest necessity found where jury was deadlocked); *People v Hamm,* 79 Mich App 281; 261 NW2d 288 (1977) (manifest necessity found where the defendant was declared incompetent during trial).

*Somerville,* 410 US 458, 464; 93 S Ct 1066; 35 L Ed 2d 425 (1973).

Absent evidence that the jurors had discussed the case or that defendant was otherwise prejudiced, a defendant's right to an impartial trial is not compromised by written questions submitted by the jury before closing arguments. *People v White,* 144 Mich App 698, 700-701; 376 NW2d 184 (1985); *Clapham v Yanga,* 102 Mich App 47; 300 NW2d 727 (1980); *People v Scott,* 55 Mich App 739; 223 NW2d 330 (1974). In *White,* the trial judge gave the members of the jury preliminary instructions that they were not to discuss the case among themselves until after the conclusion of the trial. 144 Mich App 700. Further, the trial judge also instructed the members of the jury to submit any questions they had, in writing, to the trial judge and not to discuss the case with the other members of the jury. *Id.* Before closing arguments, ten questions were submitted in writing by the jurors. *Id.* In affirming the defendant's conviction, this Court held that an inference that the jury had begun deliberations could not be drawn solely from the evidence of the questions submitted by the jury.

In light of *White,* we are convinced that there was not manifest necessity for the declaration of the mistrial. The actions of the jury would not have required reversal had defendant been convicted at the first trial. Here, the trial judge improperly assumed that the jury had begun its deliberations on the basis of the jurors' questions. Moreover, the trial judge failed to hold a hearing to discuss alternatives or to obtain consent before declaring a mistrial. Under these circumstances, the retrial violated defendant's rights against double jeopardy as guaranteed by the United States and Michigan Constitutions. Defendant's convic-

tions of breaking and entering and being an habitual offender, third offense, are hereby reversed.

III

Defendant next argues that his sixteen- to twenty-four-month sentence for his resisting and obstructing conviction violates the principle of proportionality in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). However, because defendant has already served his minimum sentence, we decline to review this issue. Where a subsequent event renders it impossible for this Court to fashion a remedy, an issue becomes moot. See, e.g., *People v Greenberg,* 176 Mich App 296, 302; 439 NW2d 336 (1989); *Crawford Co v Secretary of State,* 160 Mich App 88, 93; 408 NW2d 112 (1987).

Affirmed in part and reversed in part.

M. W. Drake, J., concurred.

Corrigan, P.J., *(concurring in part and dissenting in part).* I join Part III of the majority opinion. I agree that defendant's challenge to his sentence for resisting and obstructing an officer, MCL 750.479; MSA 28.747, is moot because defendant has served that sentence.

I dissent from the holding that defendant's retrial on charges of breaking and entering, MCL 750.110; MSA 28.305, and conspiracy to break and enter, MCL 750.157a; MSA 28.354(1) and MCL 750.110; MSA 28.305, offended the protection against double jeopardy, US Const, Am V; Const 1963, art 1, § 15. First, I am not persuaded that the judge sua sponte declared a mistrial. *Ante* at 201, n 1. Defendant sought a mistrial on grounds of prosecutorial misconduct in the rebuttal argument. The court declared a mistrial on grounds

different from the ground identified by defendant. It found juror misconduct for violation of previous instructions. However, the court ruled *after* the defendant had first moved for a mistrial. A defendant who moves for or consents to a mistrial waives double jeopardy claims, whether or not a manifest necessity for mistrial exists. *People v Benton*, 402 Mich 42; 260 NW2d 77 (1977) (opinion by LEVIN, J.).

The transcript reflects:

> *Mr. Evans:* Yes your Honor, *I am making a motion for mistrial* on the basis of the prosecutor's —at least two questions to Deputy Brooks on—in rebuttal, in the rebuttal portion of the prosecutor's trial case. . . . That's improperly using the defendant's silence against him and the jury should not have heard that and it is—and *on that basis I am moving for a mistrial.*
>
> *Mr. Rettig:* Ah, your Honor, in the first place, in perspective, that was on rebuttal, as I believe you will recall, after Mr. Rutherford stated that he had never seen Mr. Brooks until yesterday at trial. Rebuttal testimony—
>
> *The Court:* I am going to stop you. We have a serious problem. This jury is in here deliberating. They asked a question earlier, could we hear Mrs. Slocum's testimony because she was very inaudible yesterday, and I think she was. The court officer was instructed to tell them not to discuss the case, that we would deal with their questions later.

The trial court later questioned whether the defendant objected to the mistrial and accepted responsibility for the decision to mistry the case, stating it was the court's decision sua sponte. Defendant did not stipulate to mistrial in response to the court's inquiry whether he objected. Despite the court's characterization, I am unwilling to overlook the procedural posture, i.e., that defen-

dant moved for a mistrial. The rationale for the granting of the mistrial was the court's; the motion originated with defendant. Because defendant moved for a mistrial, he waived the double jeopardy protection. Defendant's initial willingness to abort the trial distinguishes this case from *People v White,* 144 Mich App 698, 700-701; 376 NW2d 184 (1985).

For this reason, I would affirm all defendant's convictions.