# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FOREST WOODSON, JR.,

        Defendant-Appellant.

UNPUBLISHED
September 13, 2016

No.  327743
Berrien Circuit Court
LC No.  2015-015164-FH

Before:  MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea conviction for attempted assault with a dangerous weapon (felonious assault), MCL 750.82; MCL 750.92.  We dismiss this appeal as moot.

On February 24, 2015, defendant pleaded guilty to attempted felonious assault.  As the factual basis for this plea, defendant admitted that he "pulled a knife on [his] brother-in-law" and "threatened him with it."  The trial court sentenced defendant in April of 2015.  Under the legislative sentencing guidelines, defendant's recommended minimum sentencing range was 0 to 9 months, placing defendant's minimum sentencing range in an intermediate sanction cell under MCL 769.34(4).  The trial court departed upward from the recommended minimum sentence range and sentenced defendant to 12 to 24 months in prison with 56 days' credit.  Defendant served his minimum sentence, and he was paroled on February 4, 2016.

Defendant's only argument on appeal relates to his sentence.  In particular, defendant contends that he is entitled to resentencing because the trial court failed to articulate substantial and compelling reason for the departure sentence imposed.[2]  Defendant requests that we remand

---

[1] *People v Woodson*, unpublished order of the Court of Appeals, entered July 17, 2015 (Docket No. 327743).

[2] Defendant does not address *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), wherein the Michigan Supreme Court struck down the requirement that a trial court articulate substantial and compelling reason for a departure pursuant to MCL 769.34(3).  See also *People v Schrauben*, __ Mich App __, __; __NW2d __ (2016) (Docket No. 323170); slip op at 5-6

for resentencing before a different trial judge.  However, defendant's claim is moot, and we decline to address it.  That is, because defendant has already served his minimum sentence, this Court is unable to provide a remedy for any alleged sentencing error.  See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994).  See also *People v Tombs*, 260 Mich App 201, 220; 679 NW2d 77 (2003).  "Where a subsequent event renders it impossible for this Court to fashion a remedy, an issue becomes moot," *Rutherford*, 208 Mich App at 204, and this Court need not address a moot issue, *Tombs*, 260 Mich App at 220.

Dismissed as moot.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

(striking down the requirement that trial court articulate substantial and compelling reasons to depart from an intermediate sanction).  Following *Lockridge*, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392.