*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DERRICK ALDEN JOHNSON,

Defendant-Appellant.

UNPUBLISHED
January 15, 2019

No. 328443
Washtenaw Circuit Court
LC No. 08-001534-FC

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant appeals by right the sentences imposed by the trial court in its May 15, 2015 resentencing order. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was convicted, following a jury trial, of assault with intent to do great bodily harm less than murder, MCL 750.84; unlawful imprisonment, MCL 750.349b; and domestic violence, MCL 750.81a(2).[1] The trial court originally sentenced defendant in 2012 to prison terms of 60 months to 10 years for the assault with intent to do great bodily harm conviction and 10 to 15 years for the unlawful imprisonment conviction, as well as one year in jail for the domestic violence conviction. Defendant appealed his convictions and sentences to this Court. This Court affirmed defendant's convictions but remanded the case to the trial court for resentencing.[2] This Court concluded that the trial court had failed to adequately articulate its reasoning in support of its out-of-guidelines sentence for the unlawful imprisonment conviction; specifically, it did not indicate how the factors it cited were given inadequate or disproportionate

---

[1] Defendant was acquitted of first-degree criminal sexual conduct (CSC-I), MCL 750.520b.

[2] See *People v Johnson*, unpublished opinion per curiam of the Court of Appeals, issued March 20, 2014 (Docket No. 310075). A detailed recitation of the facts underlying defendant's convictions can be found in that opinion.

weight under the guidelines. This Court ordered that, on remand, the trial court should either "more adequately justify" the sentence or sentence defendant within the guidelines." After a resentencing hearing, the trial court imposed the same sentences it had originally imposed.

## II. OUT-OF-GUIDELINES SENTENCE

Defendant challenges the trial court's out-of-guidelines sentence for defendant's unlawful imprisonment conviction. However, this issue is now moot because defendant has already served his minimum sentence. Defendant served his minimum sentence and became eligible for parole on August 20, 2018. "Where a subsequent event renders it impossible for this Court to fashion a remedy, an issue becomes moot." *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994). Any reduction of defendant's minimum sentence would not alter the fact that defendant has already served this sentence. *Id*.

Moreover, even if we could grant defendant relief, the trial court did not abuse its discretion in resentencing defendant. This appeal was pending at the time the Michigan Supreme Court decided *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015); *Lockridge* and its progeny are therefore applicable to our review of defendant's sentences. See *People v Barnes*, 502 Mich 265, 268; 907 NW2d 577 (2018). This Court "review[s] a trial court's upward departure from a defendant's calculated guidelines range for reasonableness." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). "[T]he reasonableness of a sentence [is reviewed] for an abuse of the trial court's discretion." *Id*.

In support of its out-of-guidelines sentence, the trial court stated that the guidelines did not adequately capture or gave inadequate weight to the brutality of defendant's assault, defendant's attempts to stop the victim from testifying, and defendant's domestic relationship with the victim. The trial court also noted that defendant's Offense Variable (OV) score was 40 points in excess of the score required for the maximum OV level, as well as defendant's misconduct in prison. Although the trial court assessed 50 points under OV 7 for brutality and declined to assess defendant any points under OV 10 for exploitation of a domestic relationship, we conclude, on balance, that the sentence was "proportionate to the seriousness of the circumstances of the offense and the offender," *People v Milbourne*, 435 Mich 630, 636; 461 NW2d 1 (1990); accordingly, it was reasonable under *Lockridge*. See *Walden*, 319 Mich App at 353-354 (holding that an out-of-guidelines sentence was reasonable where the trial court noted the seriousness of the offense, the defendant's low potential for rehabilitation, defendant's lack of remorse, and defendant's extensive criminal history).

## III. REQUEST TO STRIKE INFORMATION FROM PRESENTENCE INVESTIGATION REPORT

Defendant also argues that the trial court erred by denying his request to strike information from the presentence investigation report (PSIR) regarding the CSC-I of which he was acquitted. We disagree. "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Uphaus (On Remand)*, 278 Mich App 174, 181; 748 NW2d 899 (2008).

Once a defendant challenges the accuracy of the information in the PSIR, the trial court is required to respond. *Id*. at 182. "The court may determine the accuracy of the information, accept the defendant's version, or simply disregard the challenged information." *Id*. (quotation marks and citation omitted). "Once a defendant effectively challenges a factual assertion," the trial court must determine whether the challenged fact was established by a preponderance of the evidence. *People v Waclawski*, 286 Mich App 634, 690; 780 NW2d 321 (2009).

In this case, this issue was raised and decided in defendant's first appeal:

Here, although the trial court's reasons for rejecting defendant's challenge [to the PSIR] were somewhat brief, the trial court rejected defendant's challenge based on the evidence presented. The trial court did not abuse its discretion by doing so because a preponderance of the evidence supported the allegation that defendant sexually assaulted the victim.[3]

Our earlier opinion remains the law of the case on this issue. See *People v Fisher*, 449 Mich 441, 444-445; 537 NW2d 577 (1995) (explaining that if an appellate court has decided a legal question "and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same") (quotation marks and citation omitted), overruled in part on other grounds by *People v Houthoofd*, 487 Mich 568; 790 NW2d 315 (2010). In any event, the trial court found by a preponderance of the evidence, on the basis of the victim's trial testimony, that defendant had sexually assaulted the victim. The trial court was permitted to consider conduct of which defendant was acquitted when "fashioning an appropriate sentence." *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998). See also *United States v Watts*, 519 US 148, 149; 117 S Ct 633; 136 L Ed 2d 554 (1997) (holding that a court may consider at sentencing "conduct of the defendants underlying charges of which they have been acquitted" if established by a preponderance of the evidence). The trial court acted within its discretion in denying defendant's request to amend the PSIR. See *Uphaus (On Remand)*, 278 Mich App at 181.

IV. STANDARD 4 BRIEF

Finally, defendant raises several claims in his Standard 4 brief,[4] none of which have merit.

Defendant argues that the trial court erred by assessing offense variable (OV) 3, physical injury to a victim, MCL 777.33, at 10 points rather than 5 because neither the victim nor the nurse who examined her testified that she had received medical treatment. We disagree. We review the trial court's factual determinations for clear error to see if they are supported by a

---

[3] *Johnson*, unpub op at 11.

[4] A supplemental appellate brief filed by a criminal defendant in propria persona under Supreme Court Administrative Order 2004-6, Standard 4.

preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation that we review de novo. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).

Ten points should be assessed for OV 3 where bodily injury to the victim occurred requiring medical treatment. MCL 777.33(d). Five points are assessed where the victim's injuries did not require medical treatment. MCL 777.33(e). Contrary to defendant's assertion, the nurse who examined the victim after the assault testified that she conducted a scan of the victim's brain in addition to other tests and that the victim was also examined by a physician. We have held that 10 points may properly be assessed where the victim suffered bodily injury that resulted in "precautionary medical treatment," even if no ongoing treatment is necessary. See *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). The record shows that the victim received, at a minimum, precautionary medical treatment. The trial court's score for OV 3 was appropriate.

Defendant also argues that OV 8 (victim asportation or captivity), MCL 777.38, was improperly assessed at 15 points. He argues that because zero points are to be assessed for this variable where the sentencing offense is kidnapping, the same should apply to his sentencing offense of unlawful imprisonment. However, in *People v Kosik*, 303 Mich App 146, 148, 157; 841 NW2d 906 (2013), this Court stated:

> The Legislature made unlawful imprisonment a distinct crime, but chose not to amend MCL 777.38(2)(b) to direct the assessment of zero points for OV 8 when the sentencing offense is unlawful imprisonment—even though it amended MCL 777.16q to include unlawful imprisonment in the list of crimes to which the sentencing guidelines apply. The Legislature is presumed to have been aware of the language in MCL 777.38 when it revised MCL 750.349 and added MCL 750.349b, and it is presumed to have considered the consequences of failing to include unlawful imprisonment in MCL 777.38(2)(b). In light of these presumptions, we conclude that the Legislature intended that MCL 777.38(2)(b) direct the assessment of zero points for OV 8 only when the sentencing offense is kidnapping. [*Id*. at 159.]

Under *Kosik*, OV 8 was properly scored in this case. See also *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).[5]

Defendant also argues that the prosecution committed misconduct when it told the resentencing court that defendant had admitted to sodomizing the victim following the attack,

---

[5] Defendant also argues in his Standard 4 brief that the trial court's statement at resentencing that the score of 10 points for OV 3 (bodily injury to the victim) did not adequately capture the severity of the offense indicates that the trial court was unaware that 50 points had been assessed for brutality under OV 7 (as discussed earlier in this opinion). The record does not support that assertion.

and that his defense trial counsel was ineffective for failing to object to the prosecution's comment. Although we agree with defendant that the record only reflects that defendant stated that he had had consensual sexual intercourse with the victim, we do not find that the prosecution's comment rises to the level of misconduct because defendant has not shown that he was prejudiced by the prosecution's comment.

Issues of prosecutorial misconduct are decided on a case-by-case basis, and "this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). The prosecution is permitted to argue the evidence and all reasonable inferences arising from it, but may not argue facts not in evidence or mischaracterize the evidence presented. *People v Ackerman*, 257 Mich App 434, 453; 669 NW2d 818 (2003); *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001). A defendant bears a heavy burden to show that counsel made errors so serious that he was not performing as the counsel guaranteed by the Sixth Amendment, and the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v McGraw*, 484 Mich 120, 142; 771 NW2d 655 (2009), citing *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Moreover, the defendant must establish prejudice, i.e., a reasonable probability that but for counsel's error, the result of the proceeding would have been different." *Id*.

Defendant has not shown that his sentence was affected by the prosecution's isolated comment. The trial court stated that it would not strike the statement in the PSIR that defendant had sodomized the victim because it "believe[d] that it is a historical truth and she testified to it. [Defendant] was acquitted of it and [the parole board] will see that." There is no evidence that the trial court based any of its rulings or its out-of-guidelines sentence on the prosecution's statement that defendant had admitted to sodomizing the victim. Because defendant was not harmed by the prosecution's statement, relief is not warranted. See *Ackerman*, 257 Mich App at 448. For the same reason, defendant's counsel was not ineffective for failing to object to the statement. *Id*. at 455; see also *McGraw*, 484 Mich at 142.

Defendant also contends that the trial court erred by failing to strike from the PSIR statements indicating that he had locked all the doors in the victim's trailer during the commission of the offense. The parties discussed these changes at resentencing, and the trial court agreed to implement them. The updated PSIR reflects those changes. Defendant's argument is moot.

Defendant also argues that the trial court erred by refusing to strike from the PSIR a statement that he had struck the victim 100 times and that defense counsel was ineffective for failing to object to the inclusion of that statement in the PSIR. We disagree. This information was contained in the probation officer's description of the offense and was consistent with the victim's testimony. Moreover, defendant has not shown how this statement prejudiced him. Defendant testified at trial that he hit the victim five or six (or more) times in the face, the victim testified that the assault lasted approximately eight hours, and the evidence showed that she suffered injuries to 22 areas of her body. Regardless of whether defendant struck the victim exactly 100 times, the victim's testimony on this issue was indicative of the severity of the attack

and the statement was consistent with the evidence. *Uphaus (On Remand)*, 278 Mich App at 181. For the same reason, defense counsel was not ineffective for failing to object to the statement in the PSIR. *McGraw*, 484 Mich at 142.

Finally, defendant asserts that he was not afforded an opportunity to "allocute" in order to refute the resentencing court's finding by a preponderance of the evidence that he had committed CSC-I against the victim, and that his counsel was ineffective for failing to secure for him an opportunity for such allocution. Because there is no indication in the record that defendant was not permitted to respond, and because defense counsel actually did argue at resentencing that defendant had not committed a sexual assault, this argument lacks merit.

At resentencing, defense counsel cited the jury's acquittal of defendant on this charge and argued that based on the evidence no sexual assault had occurred. Counsel also asked the resentencing court to strike the reference to the sexual assault from the PSIR, despite this Court's ruling in defendant's previous appeal that the reference was supported by a preponderance of the evidence. Defendant does not explain what would have resulted from further "allocution," or why counsel's efforts on this issue constituted ineffective assistance. In addition, the court did not rely on the sexual assault in resentencing defendant. Defendant cannot show that defense counsel's performance was deficient or that he was prejudiced by defense counsel's performance. See *id.*

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel