*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

KARL DERELL BUTLER,

        Defendant-Appellee.

UNPUBLISHED
August 15, 2024

No. 359849
Kalamazoo Circuit Court
LC No. 2019-001056-FC

ON REMAND

Before: GADOLA, C.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

This case returns to us after a remand to the trial court to conduct an *in camera* evidentiary hearing consistent with the Michigan Supreme Court's decision in *People v Butler*, 513 Mich 24; 6 NW3d 54 (2024). We dismiss the case as moot.

A full recitation of the facts and procedural history before the Supreme Court's remand can be found in this Court's prior opinion. See *People v Butler*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2022 (Docket Nos. 359847, 359848 & 359849), p 2-3. Defendant and two other individuals were charged with sexually assaulting the complainant and sought to introduce evidence of the complainant's past sexual history. Without holding an *in camera* evidentiary hearing, the trial court found that the offer of proof was sufficient and deferred ruling on the admissibility of the evidence.

The prosecutor appealed, and this Court concluded that the trial court abused its discretion when it concluded defendant's offer of proof was sufficient. *Butler*, unpub op at 3-7. Defendant sought leave to appeal and, in lieu of granting leave, the Michigan Supreme Court vacated our opinion and remanded the case. *Butler*, 513 Mich at 29-34. The Supreme Court stated that the trial court implicitly found that defendant's offer of proof was sufficient to warrant an *in camera* evidentiary hearing and did not err to the extent that it did so. *Butler*, 513 Mich at 31. For that reason, the Supreme Court determined that we erred when determining that the offer of proof was

-1-

not itself sufficient. *Id*. The Court also concluded, however, that the trial court erred by granting the motion to admit the evidence without holding an *in camera* evidentiary hearing and that this Court erred by analyzing the ultimate question of admissibility without first requiring the trial court to hold the hearing. *Id*.

Consistent with the Supreme Court's directive, this Court remanded the case to the trial court for an *in camera* evidentiary hearing under *People v Hackett*, 421 Mich 338; 365 NW2d 120 (1984).[1] *People v Butler*, unpublished order of the Court of Appeals, entered April 29, 2024 (Docket No. 359849). Ultimately, the prosecutor moved to dismiss the charges without prejudice before the hearing took place, and the trial court granted the motion and dismissed the case without prejudice on July 10, 2024. For that reason, the trial court did not hold the evidentiary hearing, and this Court recognized that the interlocutory remand had concluded on July 16, 2024.

Because the prosecutor's motion for dismissal was not within the scope of the interlocutory appeal, the trial court had jurisdiction to consider and grant that motion. See *People v Scott*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 164790), slip op at 16-17. Moreover, the trial court's decision to grant the motion obviated the need for an evidentiary hearing. Because this Court no longer has the ability to grant the relief requested by the prosecutor on appeal, we dismiss this appeal as moot. See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994).

Dismissed as moot.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

---

[1] In addition to remanding the case, this Court also disconsolidated the cases because defendant Butler was the only party that sought leave to appeal with the Supreme Court. *People v Butler*, unpublished order of the Court of Appeals, entered April 29, 2024 (Docket No. 359849).