*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRIANNE JEAN WIGGINS,

Defendant-Appellant.

UNPUBLISHED
April 21, 2025
10:28 AM

No. 368499
Isabella Circuit Court
LC No. 2022-000469-FH

Before: BORRELLO, P.J., and RIORDAN and PATEL, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of entering without permission, MCL 750.115(1), and assault and battery, MCL 750.81. Defendant was sentenced to serve 90 days in jail for each misdemeanor conviction, to run concurrently, and one year of probation. The trial court suspended 45 days of the 90-day sentence pending successful completion of the terms and conditions of probation. But defendant did not successfully complete probation. She pleaded guilty to two probation violations and requested that the court discharge her from probation because she was unable to comply with all of the terms and conditions. The trial court accepted defendant's guilty pleas and ordered that defendant be unsuccessfully discharged from probation. Because defendant did not successfully complete the terms of probation, the balance of her original sentence was not suspended and the court ordered her to serve the remaining 45 days of jail time.[1] Defendant appeals by right the judgment of sentence, arguing that the 45-day sentence was inappropriate and disproportionate. We dismiss this appeal as moot.

Because defendant has already served her sentence in its entirety, it is impossible for this Court to fashion a remedy and thus her sentencing challenge is moot. See, e.g., *People v Tombs*, 260 Mich App 201, 220; 679 NW2d 77 (2003) (stating that this Court cannot provide a remedy for an alleged scoring error when the defendant served his minimum sentence), aff'd 472 Mich 446 (2005); *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994) (holding that a

---

[1] The trial court made it clear that it was "not sentencing [defendant] for the technical violations or the nontechnical violations."

challenge to the proportionality of the defendant's sentence was moot because the defendant served the minimum sentence). This Court will generally refrain from deciding issues that are moot. See *People v Richmond*, 486 Mich 29, 34-37; 782 NW2d 187 (2010). Although there are exceptions where a party might remain affected by collateral legal consequences, *People v* Cathey, 261 Mich App 506, 510; 681 NW2d 661 (2004), defendant has not identified any collateral legal consequences. Accordingly, we dismiss defendant's appeal as moot.

Dismissed.

/s/ Stephen L. Borrello
/s/ Michael J. Riordan
/s/ Sima G. Patel