*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* AJT, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellee,

v

AJT,

      Respondent-Appellant.

UNPUBLISHED
September 18, 2025
11:16 AM

No. 371465
Wayne Circuit Court
Family Division
LC No. 2022-000548-DL

---

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PER CURIAM.

In this delinquency proceeding, respondent claims an appeal from a nondispositional order continuing his placement at the Wayne County Detention Center until a level two secure probation placement became available. Respondent concedes that the order was not appealable by right and requests leave to appeal that order. This Court may, in the interest of judicial economy, exercise its discretion to treat respondent's claim of appeal as an application for leave to appeal, grant leave, and address the issue presented. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012). We do so here.

The record reflects that respondent was moved out of the detention center and placed at a facility on level two secure probation in July 2024. Because respondent has already been moved out of the detention center, it is impossible for this Court to fashion a remedy and thus any issue regarding respondent's continued placement at the detention facility is moot. See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994) ("Where a subsequent event renders it impossible for this Court to fashion a remedy, an issue becomes moot."). This Court will generally refrain from deciding issues that are moot. See *People v Richmond*, 486 Mich 29, 34-37; 782 NW2d 187 (2010). Although there are exceptions where a party might remain affected by

-1-

collateral legal consequences, *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004), no collateral legal consequences have been identified here. Accordingly, we dismiss respondent's appeal as moot.

/s/ Kirsten Frank Kelly
/s/ Sima G. Patel
/s/ Kathleen A. Feeney